JOHN C. CHAMPLIN, Plaintiff in Error, *v.* REES MORGAN, Defendant in Error.

ERROR TO LA SALLE.

If the public is to be charged with the abandonment of a road, the proof of the fact must be accompanied by the further proof that another road has been adopted in its stead.

A public road, established by public authority, continues as such until it shall be vacated by a like authority.

THE conflict before the jury in this case resulted from the fact that two highways crossed the land of the plaintiff in error, one a State and the other a county road. Both of these roads were laid out upon or near the same line. Owing to some inconveniences or obstructions in the laid out lines of road, the

travel had been diverted, and had taken a different route across the close of the plaintiff than that indicated by the surveys. It was insisted that public labor had been employed upon the surveyed line of road at different points, to make it convenient for public use, until the year 1854, but the greatest travel, and for the last few years, the entire passing, had been over another than the surveyed line, which had been inclosed by fence. Some of the witnesses testified that there never was any general travel on the surveyed line of road. There had been a controversy between those who fenced the surveyed road and some of the road officers, the latter insisting that the fence covered the proper line of road. The public generally used the substituted road.

This cause was tried before HOLLISTER, Judge, and a jury, at June term, 1857, of the La Salle Circuit Court. There was a verdict of not guilty, and a judgment for costs against the plaintiff.

O. C. GRAY, for Plaintiff in Error.

LELAND & LELAND, for Defendant in Error.

BREESE, J. This was an action of trespass *quare clausum fregit*, brought by Champlin against Rees, to which the defendant pleaded, among other things, that the *locus in quo* was a common or public highway, across which the plaintiff had erected a fence, and that he removed the rails, etc., as he had a right to do. It was admitted by the parties that he did break and enter, but that, in doing so, he did not go off the surveyed line of the road mentioned in his plea, and that he did no unnecessary damage.

The question before the jury was as to the *locus in quo* being a public highway, and they found the issue for the defendant.

Certain instructions were asked for by the plaintiff, one numbered eight, which the court modified, and then gave to the jury, to which the plaintiff excepted. The instruction as asked was as follows : " If the jury believe, from the evidence, that the public, from 1832 until the commencement of this suit, had ceased to use the said surveyed road, and that the public had adopted another and different line of travel voluntarily, and by so doing, had intended to abandon said surveyed road, as well as all other roads upon the same line, then the jury should find for the plaintiff, even although no other public highway was legally laid out from Ottawa to Dayton by the public authorities."

The instruction was so modified as to include the idea that,

upon abandonment, "the public had acquired the legal right to use of such other line of travel," then they should find for the plaintiff.

We think the modification was a very necessary and proper one, for it does not follow because the public have adopted another and different line of travel voluntarily, that they have, therefore, acquired the right to use such newly adopted line.

It is true the public can be charged with abandonment of a road, but the proof to establish it must be strong enough to establish another line as the road.

A road is of public necessity, and is indispensable to public convenience. It cannot, therefore, be alleged that they have abandoned such an indispensable necessity, without showing they have acquired another in lieu of it.

We think the true principle is, that a road, such as the one in question is claimed to be, laid out and established by the public authorities, must remain such until it is vacated by the same authority, the mode for doing which is plainly pointed out in the statute (R. L. 1845, chap. 93, title "Roads," secs. 10, 19), or be abandoned by non-user, on acquiring the legal right to another road, or the necessity for another road having ceased to exist. The instructions given on the part of the defendant recognize this principle, and though liable to the objection we have before made (*Merritt* v. *Merritt*, ante, 65), that an argument is injected into them, they declare the law.

We think the objections to the legality and validity of this road have all been considered and answered by this court in former cases. *Nealy* v. *Brown*, 1 Gil. R. 10 ; *Ferris* v. *Ward et al.*, 4 ibid. 499 ; *Dumass* v. *Francis*, 15 Ill. R. 543 ; *Louk* v. *Woods*, ibid. 256 ; *County of Sangamon* v. *Brown et al.*, 13 ibid. 207 ; *Dimon* v. *The People*, 17 ibid. 416.

We think the evidence establishing the fact that the *locus in quo* was a public highway, and the evidence of an abandonment of it by the public, is of such a character as to justify the verdict, and seeing no error in the instructions given by the court to the jury, the judgment is, therefore, affirmed.

*Judgment affirmed.*