RICHARD WELLS *et al.*, Plaintiffs in Error, *v.* DANIEL D. HICKS, Defendant in Error.

#### ERROR TO PIKE.

Where the record of proceedings before the commissioners of highways, for the laying out of a road, shows that due notice has been given, by posting copies of the petition; upon an appeal regularly taken to the supervisors of the county, the supervisors acquire the jurisdiction necessary to determine the validity of the notices, and their decision upon that point cannot be collaterally attacked.

To prove that in proceedings for laying out a highway the copies of the petition were properly posted, it is not necessary to call as witnesses, the parties who posted them. Their *ex parte* affidavits attached to the petition are sufficient.

The statute, which requires the commissioners of highways to act within ten days after the expiration of the twenty days' notice, does not compel them to decide the matter within the thirty days; it is sufficient that they commence their work within that time. It would seem that this provision of the statute is directory and not mandatory.

That the statute regulating appeals, from the commissioners of highways to the supervisors, does not require notice to the party, whose land is affected by the location of the road, is an objection against which this court can afford no relief. It becomes the duty of the owner of the land, to take notice of, and follow up, the appeal.

THIS was an action of trespass, *quare clausum fregit*, brought by defendants in error against plaintiffs in error, in the Circuit Court of Pike county.

Defendants below filed several pleas justifying the alleged trespasses, upon the ground that the close in question was a public highway, and that the trespasses complained of consisted in the removal of a fence which was across, and obstructed the highway, doing no more damage than was necessary. Setting forth, in one of the pleas, that two of the defendants were commissioners of highways of the town in which the close was situated, and that they, with the other, as a servant, had moved the fence, as they lawfully might, for the reason aforesaid.

A general replication was filed to these pleas, and a trial had by jury. Verdict and judgment for the plaintiffs, for nominal damages and costs of suit. Motion for a new trial overruled, and judgment. Defendants bring the case to this court by appeal, and assign amongst other errors : that the court erred in excluding proper evidence from the jury; that the court erred in overruling the motion for a new trial, and in rendering judgment for plaintiff.

On the trial of the cause, the defendants, to sustain their pleas of justification, attempted to show the proceedings of the commissioners of highways, of the town of which the close in question was situated, and of three supervisors to whom an appeal had been taken from an order of the commissioners, establishing a road over the close in question, and for that purpose called the clerk of the town as a witness, who was asked to produce the papers on file in his office, pertaining to the laying out of the road in question. Said witness then produced from his files a petition for the road, in conformity with the law, praying the commissioners of highways to lay out the same. To this petition, three several affidavits were attached, one by James H. Crane, one by R. H. Clark, and one by Robert Davis, each swearing to the posting of a copy of the petition, and the place where and when it was posted.

On the back of said petition was an indorsement, as follows :

" PITTSFIELD, ILLINOIS, October 30th, 1856.

"The undersigned commissioners of highways for the township of Pittsfield, having had under consideration the within petition, have determined not to lay out the road, in said petition prayed for, in accordance with said petition.

JOHN L. CONNET, }
SAMUEL BROWN, } Commissioners of Highways."
E. SANFORD, }

The petition was indorsed by the town clerk, Nov. 15th, 1856.

Said witness further produced from his files an order for the laying out of the said road, prayed for in the petition; which purported to have been made by three supervisors of the county, on an appeal to them from the order of the commissioners of highways, refusing to lay out said road above referred to; which order of the supervisors recited, among other things, that it appeared "that proper petition has been made by the requisite number of legal voters, residing within three miles of said route, that copies of said petition have been duly posted as required by law, copies of said petition, affidavits of posting, &c., being hereto annexed, and that due

notice of the appeal herein has been given by notice served upon said commissioners of highways of said town, and upon three of the petitioners herein, copies of said notices and affidavits of the service thereof being hereto annexed."

A plat and survey of the road was annexed, and copies of the petition for the appeal, copies of the notices thereof to the commissioners of highways, and to three petitioners, and affidavits of the service of these copies of the original petitions with the affidavits of the posting thereof in the manner required by law, also accompanied said order.

Defendants then offered to read said petition and the filing thereon to the jury; to which the plaintiff objected, because the posting of said petition had not been proved as required by law, and the objection was sustained by the court, and the court refused to permit said petition to be read to the jury, to which ruling of the court defendant excepted.

The jury found the issues for the plaintiff, and assessed his damages at ten cents. The defendant moved the court for a new trial, because the court had refused to permit proper evidence to go to the jury, which motion was overruled, and the defendants excepted thereto, and judgment was thereupon rendered for the plaintiff for the amount of verdict and costs.

M. Hay, for Plaintiffs in Error.

W. A. Grimshaw, and J. Grimshaw, for Defendant in Error.

Caton, C. J. The first question is, does the record which was offered in evidence and ruled out by the court, show the posting of the notices, as required by the second section of the twenty-fourth article of the law? We think it does. In the first place, the record shows on its face that the requisite notice had been given. There is no question that the appeal was taken in strict conformity to the law, and hence the supervisors had jurisdiction to investigate that question of notice, as well as all other questions involved in the appeal, and they found and determined that due notice had been given, and according to the case of *Galena and Chicago Union R. R. Co.* v. *Pound*, 22 Ill. 399, that is conclusive in a collateral action, as this is. Besides that, there was proof of the notice by the affidavits of the parties who posted them. It was not necessary to bring the parties who posted the notices, before the court, to prove the fact of posting. That could be proved by an *ex parte* affidavit, the same as the service of a paper,

23

which may become necessary in the progress of a cause. Were the rule otherwise, the death or removal of the parties who have posted notices, would endanger the location of all the roads in the country.

The next question which was argued is, whether the third section, which requires the commissioners to act within ten days after the expiration of the twenty days from the posting of the notices, is mandatory or directory. This question is not necessarily presented by the record. The notices were posted on the 20th and 22nd of September, and the final decision of the commissioners bears date on the 30th day of October, but it nowhere appears that they did not in fact examine the route, before the expiration of the thirty days from the posting of the notices, and that the examination was continued and the matter held under advisement, until it was finally decided, eight days thereafter. The statute does not say that they shall finally decide the matter, within the thirty days, but that they shall set to work within that time. If, however, the question were fully presented, we should be inclined to hold that the time specified in the statute is directory, and if they fail to examine the premises, as the law requires, they can be compelled to do so. But it is unnecessary to decide that question directly now. While it is admitted that the appeal was taken strictly according to the provisions of the statute, it is complained that that does not provide for giving notice of the appeal, to the owner of the land. This is an objection against the statute, and unless we hold it is void for that reason, we can afford no relief for that cause. It was his duty to take notice of, and follow the appeal. *Johnson* v. *Joliet and Chicago R. R. Co.,* 23 Ill. 202.

The court erred in excluding the record. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*