## AUGUSTUS TOWER *et al.*

*v.*

## PETER PITSTICK.

1. HIGHWAYS—*order establishing a highway.*  It is not essential to the validity of an order of commissioners of highways, or of the three supervisors who may act on an appeal from such commissioners, establishing a public highway, that the surveyor's plat, which the law requires shall accompany his report to them of his survey of the route of the road, shall appear, from such order, to have been signed by the surveyor.

2. SAME—*requisites of an order establishing a highway.*  It is only necessary to incorporate in such order so much of the surveyor's report as is required to clearly indicate the courses and distances of the route of the road, and the land over which it will pass.  The order need not state that the surveyor's report was signed; neither is the surveyor's plat required to be incorporated in the order.  That is to accompany the order, and be filed therewith in the town clerk's office.

APPEAL from the County Court of LaSalle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

The opinion states the case.

Messrs. CRAWFORD & BECK and Mr. L. B. CROOKER, for the appellants.

Messrs. BULL & FOLLETT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit,* instituted by the appellee against the appellants, for alleged trespasses in the removal by them of certain fences from the premises of the appellee.

Among other pleas, the appellants filed one, in which it was alleged that the *locus in quo* was a public highway, duly laid

out within five years, according to the form of the statute, setting forth the proceedings for a highway, and that the appellants, acting under the order of the highway commissioners of the town in that behalf, as their servants, had removed therefrom the fence of the appellee, wrongfully and unlawfully standing in and across said highway, as they lawfully might, doing no more damage than was necessary.

Issue having been joined on this and the other pleas filed in the cause, a trial was had, which resulted in a verdict in favor of the appellee for $500. The court overruled the motion for a new trial entered on behalf of the defendants, and rendered judgment on the verdict.

To reverse this judgment, the appellants now prosecute their appeal.

It appears from the evidence, that in October, 1867, a proceeding under the statute was instituted to lay out a public highway, four rods wide, over the premises of appellee, in the town of Troy Grove. The commissioners of highways refused to lay out the road, and endorsed on the petition an order to that effect. An appeal from said order of the highway commissioners was taken in due form, by two of the petitioners to three supervisors of LaSalle county.

It further appears, that in January, 1868, the three supervisors selected by the town clerk to hear and determine the appeal, according to the provisions of the statute in such cases, met and proceeded to hear and determine the appeal, and, on the hearing, they made an order reversing the order of the commissioners of highways, and attempted, by virtue of their authority under the statute, to lay out a public highway over and across the premises of the appellee. At the same time, they assessed the damages that appellee would sustain by reason of the construction of a highway over and across his premises, at the sum of fifty dollars.

It further appears, that in November, 1868, the commissioners of highways caused a written notice to be served on appellee, notifying him of the order thus made laying out the road

across his premises, and requiring him to remove his fences from within the bounds thereof within sixty days. The time specified having elapsed, and the appellee refusing or neglecting so to do, the commissioners of highways directed the pathmaster, one of the appellants, to remove the fence. Acting under the order of the pathmaster, as they say, the appellants did remove the fences of the appellee, and these are the trespasses complained of.

On the trial in the court below, the defendants offered in evidence under their plea, the order of the supervisors that attempted to lay out the highway, which was objected to by the counsel for the plaintiff, on the ground, as stated in the bill of exceptions, " that the surveyor's plat of the survey, attached to and incorporated in said record, does not appear to have been signed by the surveyor referred to in said report." The court sustained the objection, and refused to allow the order of the supervisors to be read to the jury.

We do not understand that this fact alone would constitute any valid objection to the order of the supervisors, if otherwise regular, and no other objection seems to have been taken to it at the trial.

If, on an appeal, the supervisors undertake to lay out and establish a public highway, they must proceed in all things the same as commissioners of highways. They certainly have no higher or greater authority than the commissioners from whom they obtain jurisdiction.

The statute distinctly defines the duties of the commissioners of highways in such cases. Gross' Comp. 771, sec. 58.

By the statute, they are directed " to cause a survey to be made by a competent surveyor, who shall make a report to them of such survey, accompanied with a plat, particularly describing the route by metes and bounds, courses and distances, and also the land over which the road passes. They shall incorporate such survey, accompanied with a plat, in an order to be signed by them, which order, together with the

petition, and report of the surveyor, shall be deposited with the town clerk."

It would seem to be only necessary, under the provisions of this statute, for the commissioners of highways, or the supervisors when on an appeal they undertake to lay out the road, to incorporate so much of the survey as indicates clearly the courses and distances of the route of the road, and the land over which it passes. They are certainly not required to incorporate the plat into their order. It is provided that the plat is to accompany the order, and to be filed in the town clerk's office. The same provision applies to the surveyor's report. It is, in like manner, to be filed in the town clerk's office, as a separate paper pertaining to the road. The statute does not require the commissioners or the supervisors, when they act, to incorporate the whole of the surveyor's report into their order. A substantial compliance with the provisions of the statute is all that is ever required. It is not necessary for the commissioners, or the supervisors, to state, in their order laying out a road, that the surveyor signed his report, which the statute requires to be made to them. There is nothing in the statute on that subject. If the statute does not direct them so to state in their order, then it is not necessary.

We have been referred to the case of *Town* v. *The Town of Blackberry*, 29 Ill. 137, as holding a different rule from the one here stated. We have examined that case, and find it in entire harmony with the views here expressed.

The order of the supervisors, which attempted to establish the road, should have been permitted to go to the jury for their consideration.

The order adopted the survey and plat made by the surveyor, and that was sufficient, so far as the order itself is concerned. *Wells et al.* v. *Hicks*, 27 Ill. 343.

The evidence was pertinent to the issue made by the pleadings, and no reason is perceived why the jury ought not to have been permitted to consider it, with the other evidence in the case.

For the error indicated, this judgment must be reversed and the cause remanded.

*Judgment reversed.*