### MARY TAYLOR

*v.*

### A. L. PEARCE *et al.*

*Opinion filed April 18, 1899.*

1. EQUITY—*when equity may entertain bill to restrain highway commissioners from interfering with owner's possession.* The removal of a fence from the highway by the commissioners and its replacement by the owner several times, resulting in two or more actions at law between the parties, gives equity jurisdiction of a bill by the owner to restrain further interference with her possession.

2. HIGHWAYS—*opening highway full length protects public right to full width.* The opening of a highway its full length and its use by the public protects the public right to its full width as authorized by law, and repels any presumption of abandonment which might arise from the fact that the fence of an adjoining owner has stood within the line of the highway for over twenty years.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. C. R. STARR, Judge, presiding.

ROBERT DOYLE, for plaintiff in error:

A complete non-user of an easement for twenty years, with possession in another that is inconsistent with or adverse to the right of such easement, will bar the easement. *Railroad Co.* v. *Moore,* 160 Ill. 15; *Vermont* v. *Miller,* 161 id. 215.

When the bar of the Statute of Limitations has become absolute and the party entitled to possession under it, it is thereafter as available for attacking as for defensive purposes. *Railroad Co.* v. *Moore,* 160 Ill. 16.

When the evidence shows an abandonment of a street or highway for over twenty years and adverse enjoyment of it during that time by another, this is such an abandonment by the public as will preclude its opening, and injunction will lie. *Winnetka* v. *Prouty,* 107 Ill. 225.

The open, exclusive and notorious adverse possession of property by another, and non-user by the public for more than twenty years, are sufficient to extinguish all claims of the public thereto. *Auburn* v. *Goodwin,* 128 Ill. 66; *Peoria* v. *Johnson,* 56 id. 51; *Railroad Co.* v. *Bloomington,* 167 id. 14; *Owens* v. *Crossett,* 105 id. 360.

KAY & KAY, for defendants in error:

If this fence stood on the highway it was a public nuisance. Complainant cannot acquire a prescriptive right to maintain a public nuisance. *Railroad Co.* v. *State,* 20 Md. 157.

The right to obstruct a highway cannot be acquired by adverse possession. 53 Cal. 437.

For obstructing a highway the remedy at law is ordinarily complete. *Dunning* v. *Aurora,* 40 Ill. 481; *Wahle* v. *Reinbach,* 76 id. 322; *Langdale* v. *Burton,* 12 Ind. 467; *Pettebone* v. *Hamilton,* 40 Wis. 402; *Highway Comrs.* v. *People,* 73 Ill. 203; *Highway Comrs.* v. *People,* 66 id. 339.

A road must be opened its full length within the time prescribed by law, (*Green* v. *Green,* 34 Ill. 320,) but it does not have to be opened its full width. *Walker* v. *Caywood,* 31 N. Y. 51.

A partial deviation from the line of travel is not an abandonment of the part not used. *Galbraith* v. *Littiech,* 73 Ill. 209; *Champlin* v. *Morgan,* 20 id. 181.

The use of a road by the public creates a presumption that it was legally established. *Eyman* v. *People,* 1 Gilm. 4; *Supervisors* v. *People,* 116 Ill. 466.

Acts of encroachment on the public highway are not evidence of an abandonment by the public. *Martin* v. *People,* 13 Ill. 342.

A change of the traveled track by an obstruction does not vacate the road. *Gentleman* v. *Soule,* 32 Ill. 271.

*Laches* and limitation do not run against the public, nor will an abandonment be presumed unless a new route is acquired. *Galbraith* v. *Littiech,* 73 Ill. 209.

Mere travel without objection does not authorize the presumption of a public easement. The use must be open, adverse and under claim of right. *Warren* v. *Jacksonville,* 15 Ill. 236; *Gentleman* v. *Soule,* 32 id. 231.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The plaintiff in error filed her bill in the court below, against the defendants in error, to enjoin them from interfering with her possession of a strip of land thirty feet in width off of the north end of the north half of the south-west quarter of section 18, township 27, north, range 11, west of the second principal meridian, Iroquois county. The defendants answered the bill, setting up that said strip was a part of a public highway, and on March 12, 1897, filed their motion, upon the bill and answer, to dissolve the temporary injunction theretofore ordered. The court sustained the motion and dismissed the bill. The Appellate Court for the Second District affirmed that decree, to reverse which judgment the complainant prosecuted a writ of error from this court, but we dismissed the writ on the ground that the Appellate Court had no jurisdiction of the case, a freehold being involved. She now prosecutes this writ of error to the circuit court.

It appears from the bill, and is not denied by the answer, that the complainant owns the land described in her bill; that on the north line thereof there has been a fence for more than twenty years, she being in the peaceable possession of the whole of the tract south of that fence during all of that period; that about two years prior to the bringing of this action the present controversy arose, resulting in the removal of said fence by the de-

fendants several times, which the complainant as often replaced on her north line; also, that two or more actions at law had been prosecuted against each other by the parties. It is shown by the answer, no replication having been filed, that by an act of the General Assembly which went into effect February 28, 1854, a public road was located on the north of the complainant's lands, her north line being designated as the center of the road, which was to be sixty feet wide; also, that in pursuance of that act a road was laid out and has since been used by the public as a highway. Prior to the beginning of this controversy the owner of the lands north of the complainant's land enclosed them by a fence, alleged in the bill to have been placed sixty feet north of her fence, but when this was done does not appear. Immediately prior to the first removal of the complainant's fence by the commissioners, the then owner of the lands on the north caused his fence to be placed some distance south of its original location and in the line of the road.

We think sufficient facts are alleged in the bill and admitted by the answer to give a court of chancery jurisdiction of the cause, on the ground that the action is to prevent a multiplicity of suits at law and to restrain a continuing trespass. *McIntyre* v. *Storey,* 80 Ill. 127; *City of Peoria* v. *Johnston,* 56 id. 45.

The contention of appellant is, that the facts alleged in the bill and not denied by the answer are sufficient to establish the fact of an abandonment of the strip of her land as a highway by the public, and therefore the right to it as a public road had, at the filing of her bill, become extinct. This position we regard as untenable. The cause having been submitted on the bill and answer alone, it is well settled that the answer must be accepted as true. (*DeWolf* v. *Long,* 2 Gilm. 679; *Pankey* v. *Raun,* 51 Ill. 88.) Conceding that the road as established and used was sixty feet wide north of the appellant's land,—her fence being on her north line,—and that this condition existed

for more than the prescriptive period of twenty years prior to the first interference on the part of the commissioners, still the public right was not destroyed.

In *Champlin* v. *Morgan*, 20 Ill. 181, we said: "It is true the public can be charged with abandonment of a road, but the proof to establish it must be strong enough to establish another line as the road. A road is a public necessity and is indispensable to public convenience. It cannot, therefore, be alleged that they have abandoned such an indispensable necessity, without showing they have acquired another in lieu of it. We think the true principle is, that a road such as the one in question is claimed to be, laid out and established by the public authorities, must remain such until it is vacated by the same authority, the mode for doing which is plainly pointed out in the statute, or be abandoned by non-user on acquiring the legal right to another road, or the necessity for another road having ceased to exist." There is no showing here, whatever, that a prescriptive right to the full sixty feet has been acquired over the land on the north. On the contrary, the facts disclosed by the bill and answer show that no such right has ever been claimed or exercised by the public, much less that the owner has done or omitted the doing of any act which would justify such an appropriation of his property. Neither can it be held that the public is barred, by lapse of time, from claiming the full width of the road as authorized by the act establishing it. The fact that it was opened its entire length within the required time, which is alleged in the answer and not disputed, will protect the public right to the full sixty feet, and repel any presumption that might otherwise have arisen of abandonment. *Walker* v. *Caywood*, 31 N. Y. 51.

The decree of the circuit court will be affirmed.

*Decree affirmed.*