(No. 17497.—Decree affirmed.)
WILLIAM H. RODGERS, Appellant, *vs.* GEORGE HESS, Appellee.

*Opinion filed April 20, 1927—Rehearing denied June 8, 1927.*

1. HIGHWAYS—*order establishing highway makes prima facie case in collateral proceeding.* An order of highway commissioners establishing a public highway, or a certified copy, when introduced in evidence in a collateral proceeding, makes a *prima facie* case of the existence of the highway, and it will be presumed that the preliminary proceedings were regular and justified the order establishing the road; but this presumption may be rebutted.

2. SAME—*test of public highway is right of use rather than extent of use.* The test of a public highway is not the number of persons who travel upon it but rather the right of all persons to use it as a road when they have occasion to do so, and limited use

of the highway affords no reason for its obstruction if its use be one of right.

3. SAME—*what sufficient to establish public highway in injunction suit.* In a suit to enjoin alleged trespass over land which the defendant claims is a public highway the defendant makes sufficient showing of the existence of the highway by evidence that the highway was established by order of highway commissioners and that it was never vacated or abandoned, notwithstanding the road was little used by anyone other than the defendant and his predecessors in title, who had no other access to the main public road; and the fact that the defendant, with other land owners, had filed a petition to have the road established does not constitute an admission of the non-existence of a public highway such as will authorize its obstruction by the complainant.

APPEAL from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding.

A. A. OFFERMAN, (WILLIAM C. MOONEY, of counsel,) for appellant.

ROBERT E. HALEY, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On September 10, 1925, William H. Rodgers filed his bill in the circuit court of Will county against George Hess, alleging that he, complainant, owned certain land in the town of Joliet, in Will county, which for many years had been enclosed by fences; that for a considerable period defendant had traveled across a part of complainant's land, and, although notified to desist, on April 16, 1925, demolished the gates in the fences and continued his trespasses since, whereby complainant's cattle have run at large and he has suffered irreparable damage. The prayer of the bill was for an injunction to restrain defendant from opening or interfering with the gates or fences or driving or traveling upon the land. Defendant filed an answer and a supplemental answer, in which he averred that in the year

1861 a public highway running east and west between complainant's and defendant's lands had been established; that this highway had been used by the public for upwards of sixty years and by defendant for more than thirty years; that the gates erected by complainant were obstructions in this highway and that defendant removed them, doing no unnecessary damage. Defendant also filed a cross-bill, in which, after alleging the facts set forth in his answers, he charged that the only access to his land was over the public highway so established and that complainant's acts deprived him of its use, causing him irreparable damage. The prayer of the cross-bill was that complainant be enjoined from interfering with free access to the highway and that it be kept open for public travel. Complainant answered the cross-bill, denying the sufficiency of the proceedings to establish the highway, its use by the public, and the right to the relief sought by the cross-complainant. After a hearing, the court by its decree dismissed the original bill for want of equity, sustained the cross-bill and perpetually enjoined complainant from interfering with the free and unobstructed use of the highway. From that decree complainant prosecutes this appeal.

Appellant and appellee own land in the south half of section 30 and the northwest quarter of section 31, township 35 north, range 10 east of the third principal meridian, in Will county. Appellant acquired and took possession of a part of his land in 1905 and of the remaining portion in 1908. Appellee purchased the land on which he resides in 1902 and had occupied it for eleven years prior to that time as a tenant. Since his purchase appellee made substantial and valuable improvements upon his land. Appellant's house faces south and is located about 75 feet north of the line dividing sections 30 and 31 and approximately 3075 feet west of the southeast corner of section 30. Appellee's house faces north and stands about 75 feet south of the same section line and nearly 950 feet west of appel-

lant's house. Proceeding west from appellee's house about 900 feet the section line intersects the right of way of the Chicago and Alton railroad, beyond which lie the right of way of the Atchison, Topeka and Santa Fe railroad and the DesPlaines river. From the record in the custody of the town clerk it appears that A. Comstock, a surveyor, under the direction of the commissioners of highways of the town of Joliet, on October 29, 1861, surveyed a road beginning at the southeast corner of section 29 in that town and running thence west on the section line 158 chains and 27 links, to the east bank of the DesPlaines river. The surveyor accompanied his report with a plat showing the road by metes and bounds. The highway commissioners on the same day by their order established the road in accordance with the plat and declared it to be a public highway.

The evidence is undisputed that there is a public highway between sections 30 and 31, extending from the east line of these sections west to the property of appellant, but the existence of the highway farther west is denied by appellant. The highway is fenced from the east line of the sections mentioned to a point about 75 feet west of appellant's house, the distance between these fences varying from 58 feet at the east to 38 feet at the west end. About 275 feet west of appellant's house is a gate in a fence across the highway. This gate is 14 feet wide and its south end is 39 feet north of the south line of section 30, so that a person traveling west on the road would be compelled to deviate from the section line. There is another gate 12 feet wide within the limits of the highway as laid out, about 362 feet west of the first gate. The distance from the second gate to the east line of appellee's land is less than 200 feet and to his house is about 325 feet.

No obstructions existed in the highway until appellant's predecessors in title constructed a fence across the road upwards of thirty-five years ago. At that time most of the land lying west of this fence was used for grazing cattle.

The fence was built with the consent of one Hibner, who was then the owner of the property now belonging to appellee, and its purpose was to keep the cattle of the adjoining owners from running at large without the necessity of wholly enclosing their respective lands. From time to time appellant's predecessors in ownership of the land opened the gate for Hibner and others who used the highway. Witnesses testified that gates, with slight changes in location, had existed as long as they could remember; that the gates were recognized as obstructions in the public highway for the benefit of the private owner from whom appellant derived title, and that such former owner and members of his family opened the gates for travelers on the road. Other witnesses testified that the road, west as well as east of appellant's property, had been in use to a greater or less extent since it was laid out. Except by the sufferance of adjoining land owners, appellee has not, nor did his grantors have, any means of ingress or egress other than the highway in question.

On March 1, 1925, appellee and other land owners petitioned the highway commissioners of the town of Joliet for the laying out of a public road 40 feet wide over a portion of the strip of land included within the highway established on October 29, 1861. It was stated in the petition that the appellant was the sole owner of the land over which the proposed road would pass. Notice of a hearing on the petition was given, the hearing was postponed to March 24, 1925, and on that day the prayer of the petition was denied.

Appellant contends that the evidence is insufficient to show that a public road was established on October 29, 1861, or at any time thereafter. By section 55 of article 17 of the act entitled "An act to reduce the act to provide for township organization, and the several acts amendatory thereof, into one act, and to amend the same," approved February 20, 1861, in force April 1, 1861, (Laws of 1861, pp. 255, 256,) it was provided: "Whenever the

commissioners of highways shall determine to lay out any new road, or alter any old one, they shall cause a survey to be made, by a competent surveyor, who shall make a report to them of such survey, accompanied with a plat, particularly describing the route, by metes and bounds, courses and distances, and also the land over which the road passes. They shall incorporate such survey, accompanied with a plat, in an order, to be signed by them, declaring such road, so altered or laid out, to be a public highway; which order, together with' the petition and report of the surveyor, shall be deposited with the town clerk, who shall note the time of filing the same,'" etc. By section 64 of the act entitled "An act in regard to roads and bridges," in force August 15, 1872, (Laws of 1871-72, p. 691,)' it was provided that the record of the town clerk or a certified copy of such record and papers relating to the establishment, location, alteration, widening or vacation of any road, should be *prima facie* evidence in all cases that all the necessary antecedent provisions had been complied with, and that the action of the commissioners of highways, or other persons and officers, in regard thereto was regular in all respects. Section 52 of the act entitled "An act in regard to roads and bridges in counties under township organization, and to repeal an act and parts of acts therein named," approved June 23, 1883, in force July 1, 1883, (Laws of 1883, p. 136,) contained a similar provision. The act of June 23, 1883, was repealed by section 169 of an act entitled "An act to revise the law in relation to roads and bridges," approved June 27, 1913, in force July 1, 1913, (Cahill's Stat. 1925, p. 2097,) but section 94 of the latter act, (Ibid. p. 2086,) effective since July 1, 1913, is substantially identical with section 52 of the act of June 23, 1883, and its predecessor, section 64 of the act effective August 15, 1872.

In 1844, long prior to the laying out of the highway in question, the case of *Nealy* v. *Brown,* 1 Gilm. 10, was de-

cided.   It was an action of debt for obstructing a public
highway.   The plaintiffs offered in evidence, and there was
admitted over the defendant's objection, a certified copy of
an order of the county commissioners' court establishing
the highway.   In sustaining the trial court's ruling this
court said:   "Was it necessary, before it was competent to
read this order, to show that all the previous steps required
by the statute had been taken?   We think not.   The county
commissioners are vested with exclusive jurisdiction over
all matters in relation to roads in their respective counties,
and we are satisfied that sound policy and the public good
require that we should presume that the antecedent pro-
ceedings had been regular, subject, however, to be rebutted
by the other party.   If we go behind the order I know not
where we might stop.   Should the plaintiff show that a
petition was presented, signed by the requisite number of
persons, and should he be required to prove that all were
legal voters, that the viewers were qualified to act as such
and were sworn, and all the other minute inquiries which
ingenuity could invent?   Should such be held to be the law
we should be drawn into the trial of a great number of
collateral issues in nowise important to the justice of the
case.   Should such a rule be adopted, most, if not all, of
the public roads in the older counties might be shut up to-
morrow with impunity."

*Dumoss* v. *Francis,* 15 Ill. 543, decided in 1854, was
an action of trespass *quare clausum fregit,* to which the de-
fense of the existence of a public highway over the close
was interposed.   An order establishing the highway was
introduced in evidence, and it was held that it was un-
necessary, in the first instance, to go further and show that
the previous steps required by the statute had been taken.
Where such an order has been entered, the rule is, in col-
lateral proceedings, that the order, or a certified copy, may
be introduced in evidence, for it will be presumed that

325—39

the preliminary proceedings were regular and justified the order establishing the road. This presumption may, however, be rebutted. (*Tower* v. *Pitstick,* 55 Ill. 115; *Waddle* v. *Duncan,* 63 id. 223; *Galbraith* v. *Littiech,* 73 id. 209; *Hankins* v. *Calloway,* 88 id. 155; *Shields* v. *Ross,* 158 id. 214; *Trotter* v. *Barrett,* 164 id. 262.) The introduction of the order made by the highway commissioners on October 29, 1861, constituted a *prima facie* showing of the existence of the highway here in question and that showing was not overcome by the appellant.

Since 1845 all roads in this State laid out pursuant to any law of the State, and which have not been vacated in pursuance of law, have been by statute declared to be public highways. (Rev. Stat. 1845, sec. 9, p. 481; section 1 of the act in regard to roads and bridges, in force August 15, 1872, Laws of 1871-72, p. 675; section 1 of the act in regard to roads and bridges in counties under township organization, approved and in force April 11, 1873, Hurd's Stat. 1874, p. 913; section 1 of the act in regard to roads and bridges in counties under township organization and to repeal an act and parts of acts therein named, approved June 23, 1883, in force July 1, 1883, as amended, Laws of 1887, p. 263; section 139 of the act to revise the law in relation to roads and bridges, approved June 27, 1913, Cahill's Stat. 1925, p. 2094.) It is not claimed that the highway established by the order of October 29, 1861, was ever vacated.

Appellant insists that the slight use of the road west of his property would not constitute the road a public highway. In recent years the number of persons who have resided along the road between appellant's property and the DesPlaines river has decreased. Appellee's house and farm are located near the west end of the highway as it was laid out, and he and his grantors have made use of the road to and from points west of the fences and gates

constructed by appellant. Limited use of a highway, however, affords no reason for its obstruction if its use by those who travel it is one of right. The test of a public highway is not the limited use to which it may be subjected nor the number of persons who travel upon it, but rather the right of all persons to use it as a road when they have occasion to do so. (*Mudge* v. *Wagoner*, 320 Ill. 357; *Law* v. *Neola Elevator Co.* 281 id. 143; *Township of Madison* v. *Gallagher*, 159 id. 105.) The evidence showed that the road was located and established across appellant's land. The fact that the road was but little used as a public highway gave appellant no right or authority to construct and maintain fences and gates across it. Appellee had the legal right to use the road and to remove these obstructions. *Dumoss* v. *Francis, supra.*

Finally, appellant contends that the filing of the petition by appellee and other land owners on March 1, 1925, for the laying out of a public road was an admission by appellee that prior to that time the road in question was not a public highway. Appellee asserts that when the petition was filed he did not know of the proceedings to lay out the road taken in 1861. Whether appellee knew that the highway had been established in that year is immaterial, for a public road established by public authority continues as such until it shall be vacated by a like authority or is shown to have been abandoned. (*Champlin* v. *Morgan*, 20 Ill. 181; *Hansen* v. *Green*, 275 id. 221.) There was no abandonment of this highway, since the public continued to travel it under a claim of right.

The decree of the circuit court is affirmed.

*Decree affirmed.*