### W. T. HILL V. THE STATE.

No. 11084.   Delivered November 9, 1927.

Rehearing denied December 14, 1927.

**1.—Swindling, a Misdemeanor—Notice of Appeal—Must Be of Record.**

Notice of appeal, which must show to what court the appeal is taken, must be given in the court below in open court, and must be shown in the minutes of the lower court in order to attach the jurisdiction of the appellate court.   See Danley v. State, 88 Tex. Crim. Rep. 31, and such notice not appearing to have been made and entered in this case, the appeal is dismissed.

#### ON REHEARING.

**2.—Same—Notice of Appeal—Correcting Record—Improperly Attempted.**

On rehearing, appellant attempts to correct the record and to show that notice of appeal to this court was given, by the affidavit of the trial judge and the clerk of the court.   This procedure was improper.

**3.—Same—Continued.**

Under Art. 827, C. C. P. 1925, if notice of appeal is given at the term at which the conviction is had, and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order same entered of record, either in term time or in vacation, by entering on the minutes of his court an order to that effect, which entry when so made shall bear date of notice of appeal which was actually given in open court.   Not having followed the provisions of this statute the motion for rehearing to reinstate appeal is overruled.

Appeal from the County Court of Morris County.   Tried below before the Hon. J. O. Johnson, Judge.

Appeal from a conviction for misdemeanor swindling, penalty not disclosed in transcript.

The opinion states the case.

*O'Neal & Harvey* of Atlanta, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for swindling, a misdemeanor.

Examination of the record discloses the fact that no proper notice of appeal was given in open court and entered of record. Incorporated in what appears to be the judgment of the court is a statement that the defendant's motion for new trial was overruled.    Also in said judgment appears the following: "It is therefore ordered, adjudged and decreed by the court that * * * after which defendant's attorney gave notice of appeal." Manifestly this is not a notice of appeal in conformity with the statutory requirement that the notice of appeal must be made in open court and entered of record.    Whether such appeal be to this court or some other does not appear.    Danley v. State, 88 Tex. Crim. Rep. 31; Souzeda v. State, 86 Tex. Crim. Rep. 461.

Being of opinion that no proper notice of appeal appears in the record, and that this court is without jurisdiction, the appeal is dismissed.

*Dismissed.*

### TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant files a motion to reinstate his appeal and supports same by the affidavits of the County Judge of Morris County and the clerk of the county court of said county.    The judge makes affidavit that the notations on his trial docket show that appellant's notice of appeal as given was to the Court of Criminal Appeals at Austin.    The affidavit of the clerk merely sets out that in writing the judgment of the court below, he inadvertently omitted to show that the appeal was taken to the Court of Criminal Appeals, but made the minutes show that "notice of appeal was given."    It is to be regretted that this court cannot act upon the showing made. The statute is very plain, and the duty of this court is to follow it.    Art. 827, 1925 C. C. P., provides that if notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect, which entry when so made shall bear date as of date when notice of appeal was actually given in open court.    We see no reason why this plain provision of the statute was not followed in the case before us. Not having been followed, we are not at liberty to grant the motion, which is accordingly overruled.

*Overruled.*