Ex Parte Ferdinand Kuehne.

No. 10671.   Delivered June 1, 1928.
Rehearing denied January 16, 1929.

The opinion states the case.

*Cofer & Cofer* of Austin, for relator.

*Sam · D. Stinson,* State's Attorney, *Robt. M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an original application for a writ of habeas corpus.

It is charged in the complaint that the appellant, upon South Congress Avenue, a public street within the corporate limits of the City of Austin, an incorporated city, drove a motor vehicle at a rate of speed in excess of twenty miles per hour.

The position of the relator is that no offense is charged for the reason that the act prescribed is not prohibited by any valid statute. Some criticism of the complaint is made on the theory that it contains expressions indicating that it was drawn under the Act of the 30th Legislature, p. 197, which, according to the relator's contention, has been repealed.

On an application for writ of habeas corpus, this court will take no note of any informalities in the complaint, but where the attempt is to avoid the performance of a judgment in a misdemeanor case, the inquiry in this court will be confined to whether or not there was in existence a law supporting the prosecution. Upon that point relator insists that Art. 789, P. C., 1925, is so indefinitely framed as to render it inoperative to support the offense of which he is charged and convicted. The statute reads thus:

"Whoever shall operate or drive any motor or other vehicle upon the *public highways of Texas* at a rate of speed in excess of thirty-five miles per hour, or who shall drive or operate a motor or other vehicle within the corporate limits of an incorporated city or town or within or through any town or village not incorporated, at a greater rate of speed than twenty miles per hour, shall be fined not less than five nor more than two hundred dollars."

Relator takes the position that the statute forbids the operation of a motor vehicle at a rate of speed in excess of twenty miles per hour at any place within the corporate limits of a city, or within a town or village not incorporated. The article is found in Title 13, Chapter 1, relating to "Highways and Vehicles." It seems to the writer that the interpretation suggested is rather a strained construction. The chapter in which the article is found, as well as the article itself, makes it plain that the subject-matter is the *operation of a motor vehicle upon the public highways of the State,* and in the judgment

of the writer, the inhibition covers a public highway, whether such runs through the country, through a city or through a village, fixing the rate, however, at thirty-five miles per hour upon the highways in the country and twenty miles per hour in an incorporated city or unincorporated village. In the opinion of this court, the statute denounces the offense with which the relator is charged and of which he is convicted.

The writ of habeas corpus is denied and the relator is remanded to custody.

*Relator remanded.*

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Relator files a motion for rehearing and contemporaneously with it an application for a writ of habeas corpus. In his said application for a writ of habeas corpus he for the first time alleges in substance that relator was originally convicted before a Justice of the Peace who was disqualified by reason of interest in the result of the trial; that after said conviction said cause was appealed to the County Court where he was again convicted and which judgment of conviction he alleges to be void because the County Judge was disqualified to try said cause and that the judgments of conviction in both the Justice Court and the County Court were void. The application for writ of habeas corpus is sworn to but there is no statement of facts in the record which shows the truth of the matters therein alleged. The allegations of such a petition do not prove themselves and are not evidence. Branch's P. C., Sec. 237; Ex parte Naill, 59 Tex. Crim. Rep. 140. We cannot assume the truth of the facts alleged in a petition on an original application for habeas corpus. Presumptions are not indulged against the validity of the judgments of a court of record. The County Court had the right and power to hear and determine the particular matter and the power to render the judgment which it is alleged was rendered. Appellant's propositions being supported only by ex parte allegations present nothing for review.

Believing that a correct disposition was made of the case in the original opinion filed herein, appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.