### BLACKMAN v. STATE. (No. 12617.)

Court of Criminal Appeals of Texas. June 12, 1929.

Rehearing Denied Oct. 23, 1929.

784

Payne, Cade & Hart, of Amarillo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for driving an automobile upon a public highway while intoxicated; punishment, 45 days in the county jail.

The state's attorney with this court moves to dismiss this appeal upon the ground that the order overruling the motion for new trial merely sets out: "Defendant then and there excepted and gave notice of appeal." It is insisted that the order of the court should specifically name the Court of Criminal Appeals of the State of Texas. There are authorities holding in line with this contention of the state. See Sauzeda v. State, 86 Tex. Cr. R. 461 216 S. W. 1098; Hill v. State, 108 Tex. Cr. R. 335, 300 S. W. 70. There may be other similar holdings. Article 827, Code Cr. Proc. 1925, provides specifically that an appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. It will be observed that nothing in the statute requires the "notice of appeal" to name the particular court to which appeal is taken. There is but one court in this state to which an appeal can be taken from a judgment of conviction in a criminal case in either the county or any district court of this state, and that is the Court of Criminal Appeals. It appears to us upon mature consideration that this court should not by judicial legislation require at the hands of one convicted in said courts a more specific notice of appeal than is required by the statute itself. It would certainly seem fair and just that one endeavoring to appeal his case, with the open statute of the state before him, who followed with exactness the requirements of that statute, should not be deprived of his right to consideration of his appeal in the only court to which such appeal could be taken, because he did not know that the decisions of this court required him to put something into such notice beyond that which the statute required. The cases specifically named above will be overruled in so far as they affect the question under discussion, as will any others holding contrary to what is here decided. Notices of appeal to this court, when given at the proper time and entered of record as is required by statute, will be held sufficient without naming specifically the Court of Criminal Appeals.

This record is before us without any bills of exception. We have carefully examined the statement of facts and find the usual condition of conflict; the witnesses for the state testifying that appellant was intoxicated at the time mentioned and while driving his car, while the witnesses for the defense deny that he was in such condition. The jury having solved the question adversely to appellant, we are constrained to give effect to their finding.

The judgment will be affirmed.

### On Motion for rehearing.

MORROW, P. J. It is charged in the indictment that the offense was committed while the appellant was driving a motor vehicle upon a public highway situated in Randall county, Tex. That the appellant drove an automobile while intoxicated was proved. That it was driven upon the various streets of the city of Amarillo was likewise established. It was also shown that certain of the streets of Amarillo upon which the appellant drove the automobile while intoxicated, namely, Twenty-Ninth street and Thirty-Second avenue, were in Randall county, Tex. It is made to appear from the record that the city of Amarillo (which is the county seat of Potter county) is situated partly on the division line between Potter county and Randall county; that is to say, that its streets, mainly those mentioned above, are embraced in part of the territory of Randall county.

It is urged that the proof that the car was driven upon the streets of the city of Amarillo does not prove the averment in the indictment to the effect that the offense was committed upon a public highway. Incidentally, in that connection, it is urged that there is no proof that Amarillo was an incorporated town or city. Touching the latter contention, the records in the office of the secretary of state show that the charter of the city of Amarillo was filed in November, 1913, and was amended in January, 1926. It is provided by statute (article 1174, Rev. St. 1925) that the city charter, when registered, becomes a public act of which all courts take judicial notice without further proof. See Bowers v. International-Great Northern R. Co. (Tex. Civ. App.) 286 S. W. 591. See also article 1313, concerning the filing of charters with the secretary of state.

Proof that the car was driven upon a street is sufficient to meet the averment in the indictment that it was on a public highway. See Pence v. State, 110 Tex. Cr. R. 378, 9 S. W.(2d) 348; also, Inness v. State, 106 Tex. Cr. R. 524, 293 S. W. 821. The conclusion reached and stated by this court in the cases mentioned is in accord with many judicial announcements in other states. In Shannon v. Martin, 164 Ga. 872, 139 S. E. 671, 672, it is said: "'Roads' and 'highways' are generic terms, embracing all kinds of public ways, such as county and township roads, streets, alleys," etc. "A 'street' is a highway, but a 'highway' is not necessarily a street."

In State v. Sakowicz, 98 N. J. Law, 905, 125 A. 322, a case involving the prosecution for driving while intoxicated, it is said: "Every public thoroughfare is a 'public highway' within the act penalizing driving while intoxicated upon a public street or highway."

See also Rodgers v. Hess, 325 Ill. 603, 156 N. E. 811; Omaha & Council Bluffs St. Ry. Co. v. City of Omaha, 114 Neb. 483, 208 N. W. 123. The opinion of this court in the case of Ex parte Kuehne, 111 Tex. Cr. R. 363, 12 S. W.(2d) 790, construing another statute, has some bearing upon the interpretation of the one at present under consideration.

Our further investigation of the subject leads us to the conclusion that in affirming the judgment upon the original hearing the proper disposition of the appeal was made. The motion for rehearing is overruled.