## Samuel Merkel, Appellee, v. Isaac Woodside, Appellant.

Opinion filed July 26, 1929. Rehearing denied September 26, 1929.

L. A. CRANSTON, for appellant.

D. F. MOORE, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee filed his bill to compel appellant to remove a fence from a public highway between their properties. Appellee averred that for more than 20 years prior to the filing of the bill there had been a certain public road, highway and thoroughfare along the line in question; that said public highway for more than 20 years had been in general use by the public as a public highway and that by reason of the premises and by virtue of the statute the same had become and was and still is a public highway.

Appellant filed an answer in which he admitted that there was a public road, but denied that the same had been a public highway for more than 20 years. In his answer he also attempted to show that appellee was estopped from claiming that this was a public highway by prescription or user. He averred that in 1923 appellee and others filed a petition with the commissioner of highways praying that a public road be laid out of a width of 40 feet along the line in question; that a hearing was had in which the highway commissioners granted the prayer of the petition providing the petitioners would pay the damages and fix up the road; that by reason thereof appellee was estopped. There is no averment in the answer that anything more was done under the petition. There is no showing that the road petitioned for was ever opened or that a survey was made or a plat filed. Appellant also filed a plea of estoppel based upon averments similar to those set out in the answer.

The plea was set for hearing and held to be insufficient. Exceptions were sustained to the answer and the answer held insufficient. The court ruled appellant to plead and be elected to stand by his answer and plea. Thereupon he was defaulted and a decree entered in accordance with the prayer of the bill.

The bill averred that appellant erected the fence complained of on May 1, 1927. The averments of the

answer and the plea were insufficient to establish an estoppel against appellee. *Rodgers v. Hess,* 325 Ill. 603. The court did not err in holding the answer and the plea insufficient to show an estoppel.

The bill was framed on the theory that the public highway in question had been acquired by user. The statute provides that a road which has been used by the public as a highway for 15 years, and which has not been vacated in pursuance of law, is a public highway. Cahill's St. ch. 121, ¶ 153. The bill avers that the strip of ground in question had been used as a public highway for more than 20 years prior to the filing of the bill. Appellant answered that averment by admitting there was a public road, but denying that it had been a public highway for more than 20 years. It was not necessary that it should have been used as a public highway for 20 years. The averment in the answer might be true, and yet it may be that the road in question was used as a public highway for more than 15 years, the statutory requirement.

The use and enjoyment of a roadway by the public for the time required by the statute creates the presumption of a grant or a way by prescription, in the absence of proof that the use by the public was a permissive use rather than an adverse use. Where such use is shown, the burden is on one denying the existence of a public highway to show that the use was under some license or indulgence inconsistent with the claim of the right by the public. *Lee v. Dickman,* 316 Ill. 529; *Mudge v. Wagoner,* 320 Ill. 357.

We are of the opinion that appellant's answer was insufficient to show that the roadway in question had not been used by the public for the statutory period of 15 years and that the court did not err in its holding in that regard. Appellant was given an opportunity to further plead but elected not to do so. In the state of the record the decree must be affirmed.

*Affirmed.*