CLIFTON SMITH V. THE STATE.

No. 21952. Delivered March 25, 1942.
Motion to Reinstate Appeal Granted April 29, 1942.

The opinion states the case.

*J. Farris Fish,* of Matador, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is burglary; the punishment, twelve years in the state penitentiary.

The former opinion of this court, affirming the judgment of the trial court, is withdrawn and the appeal is dismissed, because no notice of appeal appears to have been given as required by law. Art. 827, C. C. P., provides:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —."

The sole and only showing in this record by which it might be contended that notice of appeal was given is the following:

"Now comes the defendant in the above styled and numbered cause and excepts to the verdict of the jury, the judgment of the court, and to the order overruling his motion for new trial, and gives notice of appeal to the Court of Criminal Appeals of the State of Texas, at Austin, Texas."

Same is signed by appellant's counsel. That such a notice is insufficient is apparent. It does not show when the notice was given, or that it was made in open court. A notice of appeal given merely by the attorney for the accused is insufficient. Hill v. State, 300 S. W. 70, 108 Tex. Cr. R. 335. A notice of appeal in accordance with the statute mentioned is a necessary prerequisite to confer jurisdiction of an appeal upon this court. Bertrand v. State, 136 S. W. (2d) 849, 138 Tex. Cr. R. 393; Riley v. State, 125 S. W. (2d) 306, 136 Tex. Cr. R. 438.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in this cause accompanied by a supplementary transcript of the record showing an entry on the record of his notice of appeal as of August 23, 1941. Consequently, the order of court dismissing the appeal will be set aside and the case now considered on its merits. We find, however, that the case is before us on a statement of facts and the record includes a number of bills of exception which cannot be considered for the reason that they were not filed within the time prescribed by law.

On the 21st day of September an order of court was entered allowing appellant an extension of time of about seven days and until October 1st within which to file bills of exception and statement of facts. None were filed within this time and on October 25, thereafter, another order of the court was entered extending the time for a period of ninety days from the date of the notice of appeal. This would expire on about November 20. Statement of facts and bills of exception were filed on October 26. From this it will be observed that the thirty days provided by law for the filing of bills of exception and also the extended period of seven days had expired twenty-four days before another order was entered attempting to further extend the time.

It has been consistently held that the trial judge has no authority to extend a time which has already expired. (See Art. 760, Vernon's Ann. C. C. P. and authorities annotated under Note 44.) It appears, however, that the statement of facts was filed within ninety days from the date of the notice of appeal and, consequently, the same will be considered, presenting only the one question as to the sufficiency of the evidence to warrant the jury's verdict.

Appellant insists that it is insufficient because it does not show that a burglary was committed at all and because appellant is not sufficiently identified as the person who committed the burglary, if one was shown. It is the theory of the State, in accordance with the indictment, that the Spot Cash Grocery Store in the town of Matador was burglarized at about 2 o'clock on the morning of August 2nd. The night watchman heard a noise in the back of this store about two o'clock in the morning and, upon an investigation, found that the screen of the window had been cut and the place probably entered. He immediately sent word to a deputy sheriff to come and they kept watch until morning on the supposition that the burglar was probably still in the building. The manager of the store was also notified and came to make an investigation. Before noon on the following day a deputy sheriff saw appellant, a negro boy, about town and, noticing that he was not working asked for his reason and was told that he slept too late and failed to catch the truck which took some hands out to chop cotton. When asked where he was on the previous night he said he went to church. This latter statement proved to be false. A little house in an alley not a great distance from the the back of the store where appellant lived in a room with several others was searched and resulted in the officers finding a sack in a dresser drawer containing eighteen packages of cigarettes consisting of six varieties, together with some chewing gum. A part of these cigarettes were identified in a very careful way as having come from the Spot Cash Grocery Store. It was also shown that appellant was out of the room at about the time of night the store was burglarized and that during the early morning he brought this sack into the house and placed it where it was discovered by the officers. It is shown also that no one in the store sold them to appellant nor did they sell this assortment of cigarettes to any other person. The chewing gum found in the sack was not identified but that

156 variety was sold at the burglarized store, as well as several others in the town.

On the question as to whether or not a burglary was committed, Mr. Springer, the manager, testified that he didn't check the amount of cash in the cash drawer until the next morning, but does remember about what was in the cash register that night. He says that there were two one dollar bills and about one dollar in nickels and, as we understand the narrative form of statement, "No, sir, they were not there," meaning that these described money items were not in the drawer when he checked them the following morning. He says further, "Yes, sir, I could tell some things had been disarranged in the cash register. The paid out slips and two or three cold checks * * * they were all wadded up and stuck into one compartment. Yes, sir, from that I know that someone had been in my cash drawer."

From the foregoing it will be observed that sufficient circumstances were shown to support the jury's verdict. The court's charge properly presented the matter for their consideration according to the State's theory of the case. The defendant offered no testimony either to deny or explain his possession of the stolen goods and offered only one witness who testified rather indefinitely to an alibi which apparently did not sufficiently impress the jury.

We see no reason why this court should reverse the case as the record stands before us. The bills of exception are essential to bring the other matters complained of in the case before us and for the reason hereinabove stated they are not considered.

The judgment of the trial court is affirmed.