MANUEL SISNEROS V. THE STATE.

No. 23458. Delivered November 6, 1946.
Rehearing Denied December 18, 1946.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) January 15, 1947.

88

*John T. Spann*, of San Antonio, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to murder with malice. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant has a number of bills of exception in the record, but these cannot be considered by this court because they were filed too late. The motion for a new trial was overruled on the 6th day of April, 1946, and the bills were not filed in the court below until the 15th day of June, 1946. Under the statute Art. 760, C. C. P., appellant had 30 days from the time of the overruling of the motion for a new trial and the giving of notice of appeal in which to file the bills of exception, unless the court had extended time. There is no showing in the record that the court ever extended the time within which to file the same. Consequently the bill cannot be considered. See Teal v. State, 191 S. W. (2d) 684.

Appellant brings forward some objections to the court's charge, but he does not point out therein any specific error.

Appellant's main contention is that the evidence is wholly insufficient to justfy and sustain his conviction of an assault with intent to murder with malice. The record discloses that one, Pedro Calderon, and appellant were employed at a place where beer and food were sold. On the day in question, Gip Young, accompanied by George Mangrum, came into the place of business for the purpose of drinking some beer. Young ordered a bottle of beer which was served to him by Calderon. Young, who saw appellant lying on the counter with his hat over his face apparently asleep, shoved him off, causing him to fall on the floor behind the counter. As soon as appellant arose, he picked up a small .22 caliber pistol from under the counter and shot Young in the shoulder. There is nothing in the record which indicates that Young, after he had shoved appelant off the counter, did or said anything to him so as to make any assault upon appellant which justified him in shooting Young in self-defense, or that Young made any threat or demonstration which indicated that he intended to assault the appellant. After

the shooting, Young was taken to a hospital at San Antonio, where the bullet was removed from his shoulder by a physician, and he then went home. It seems that the wound was not considered serious and did not prevent Young from pursuing his usual occupation. Appellant having inflicted the wound upon Young by shooting him with a pistol, the jury could draw the conclusion therefrom that appellant intended to kill him. The question of malice was also one for determination by the jury from all the facts and circumstances before them.

It seems that sometime prior to the shooting, Young went into the place of business to purchase some beer and that appellant refused to let him have any unless he brought some empty bottles. Some words passed between them, and Young remarked that he would go elsewhere to get his beer. While this evidence is somewhat feeble in showing ill-will, yet it was a matter for the jury to determine in connection with the other facts and circumstances transpiring at the time of the commission of the offense. Malice need not be expressed, it may be inferred from all the acts and conduct of the accused; neither is it necessary that it be of long standing, but may arise at the time of the commission of the offense charged.

Appellant next complains of the court's action in declining to submit to the jury two special requested charges. We have examined the same and reached the conclusion that the court, in his main charge, had incorporated an instruction to the jury on the subjects. Consequently there was no error in declining to give the requested charges.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing presents a supplemental transcript which reveals the fact that he attempted to secure an order extending the time within which to file his Statement of Facts and Bills of Exception. We note, however, that the application asks the court "to grant him an extension of thirty

days from and after April 6th, 1946, in which to file his statement of facts and bills of exception." Passing on this application, the court ordered "that the defendant be, and is, hereby granted an extension of thirty days from the 6th day of April, 1946, in which to file his Statement of Facts and Bills of Exception."

The application and order were filed on May 1st, 1946, and would have authorized the filing of application on or before the 6th day of May, 1946, but not later. Thereafter on June 1st, 1946, another application was filed for an extension of time to June 15th, 1946, which was granted. It will be observed that the time for filing the application had expired before the order extending the time to June 15th was passed. The court had no authority to make the order after May 6th, the date on which the filing time expired. Consequently the order extending the time to June 15th was of no effect. Smith v. State, 161 S. W. (2d) 492; Article 760, Vernon's Ann. C. C. P. and authorities annotated under Note 44.

The supplemental transcript does not authorize the consideration of the Bills of Exception, and there is nothing presented on motion for rehearing which was not considered on original submission.

The motion for rehearing is overruled.