GAS POWER, INC., *et al.,* Plaintiffs-Appellees, v. FORSYTHE GAS COM-
PANY, Defendant-Appellant.

First District (4th Division)   No. 1—92—2486

Opinion filed June 30, 1993.—Rehearing denied August 6, 1993.

Pope & John, Ltd., of Chicago (William R. Quinlan, Steven J. Roeder, and William K. Blanchard, of counsel), for appellant.

Kevin M. Forde, Ltd., of Chicago (Kevin M. Forde, Mary Anne Mason, and Ava Borrasso, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

Pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401), plaintiffs, Gas Power, Inc. (Gas Power), and Michael P. Polsky, sought relief from an order of the circuit court of Cook County which dismissed their action with prejudice. Plaintiffs' section 2—1401 petition was granted by the trial court and defendant, Forsythe Gas Company (Forsythe Gas), appeals.

We affirm the order of the trial court.

BACKGROUND

Immediately prior to the events which gave rise to this action, Gerald R. Forsythe held a 63% interest in Indeck Energy Systems, Inc. (Indeck), and Polsky held the remaining 37% interest. Forsythe and Polsky were chairman and president, respectively, of Indeck.

On July 11, 1989, Gas Power, a corporation wholly owned by Polsky, entered into a partnership agreement with Forsythe Gas, a corporation wholly owned by Forsythe. The partnership, known as F.P. Gas Partners (the partnership), had as its stated purpose a joint gas drilling agreement with Douglas Oil & Gas, Inc. (Douglas Oil). The partnership agreement provided that the partnership would terminate upon the expiration or termination of the joint drilling agreement with Douglas Oil.

On July 12, 1989, the partnership entered into a joint drilling agreement with Douglas Oil which provided, *inter alia*, that Douglas Oil would drill gas wells and the partnership would fund the drilling of a minimum of five wells per year. The joint drilling agreement expired by its terms on December 31, 1999, but it gave Douglas Oil the option to terminate the agreement earlier if the partnership failed to fund the drilling operations.

In September 1990, Polsky was terminated as president of Indeck.

In February 1991, Forsythe notified Douglas Oil that the partnership would not fund the drilling of any future wells.

On March 9, 1991, Thomas Shields of Douglas Oil issued a letter terminating the joint drilling agreement as of December 31, 1990, by reason of the partnership's failure to fund the drilling operations.

On May 1, 1991, plaintiffs filed the instant action against Forsythe Gas and Forsythe seeking injunctive relief, the appointment of a receiver, and damages. The five-count complaint alleged breach of fiduciary duty, breach of contract, breach of the partnership agreement, tortious interference with business relationships, and fraud.

In response to plaintiffs' complaint, defendants filed motions pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—615, 2—619). The section 2—615 motion alleged that plaintiffs' complaint failed to state a cause of action against Forsythe because he was not a party to the agreement. The section 2—619 motion alleged that because the partnership had expired by its own terms upon the termination of the joint drilling agreement with Douglas Oil, plaintiffs' action was moot and should be involuntarily dismissed.

The trial court dismissed plaintiffs' original complaint. Thereafter, with leave of court, plaintiffs filed a first-amended complaint against Forsythe Gas. The complaint sought a declaratory judgment that Forsythe Gas had wrongfully dissolved the partnership or, in the alternative, a judicial dissolution of it, and the appointment of a receiver. Plaintiffs alleged that Forsythe Gas terminated the partnership in violation of the agreement and breached its fiduciary duty by stopping the partnership from selling gas to the Indeck entities, entering into risky gas drilling contracts for the partnership without the consent of Gas Power, refusing to provide Gas Power access to the partnership's books, and failing to account for capital contributions to the partnership. Plaintiffs further alleged that Forsythe, acting on behalf of Indeck, formed Columbus Joint Venture (Columbus) with Douglas Oil to drill for and sell gas and that Columbus began supplying gas to subsidiaries of Indeck in derogation of the partnership's contractual rights to sell gas to the same subsidiaries.

Forsythe Gas filed a section 2—615 motion to dismiss plaintiffs' first-amended complaint arguing that the partnership was terminated upon notification by Douglas Oil that the joint drilling agreement was terminated and that the complaint failed to state a cause of action for breach of the agreement or breach of fiduciary duty.

On September 24, 1991, the trial court found that the partnership had dissolved by its own terms when Douglas Oil issued the March 9, 1991, notice which terminated the joint drilling agreement. As a consequence, the trial court dismissed plaintiffs' first-amended complaint

with prejudice. Plaintiffs filed a timely notice of appeal from that order. The appeal was voluntarily dismissed and the issues raised therein are not the subject of this appeal.

On February 14, 1992, plaintiffs filed a section 2—1401 petition alleging newly discovered facts and requesting that the trial court modify its September 24, 1991, order to reflect that the dismissal of their first-amended complaint was without prejudice and grant them leave to file a second-amended complaint. The petition was supported by Polsky's affidavit. Forsythe Gas filed its objections to plaintiffs' section 2—1401 petition alleging that plaintiffs had failed to exercise due diligence in obtaining the newly discovered facts and that Polsky's affidavit was deficient under Supreme Court Rule 191(a) (134 Ill. 2d R. 191(a)) because it was based upon hearsay. In reply, plaintiffs argued that Polsky's affidavit complied with Rule 191(b), that the conversation related in the affidavit falls within the co-conspirator exception to the hearsay rule, and that they were diligent in discovering the facts upon which their petition was based. Plaintiffs' reply was supported by Polsky's second affidavit. Forsythe Gas filed a surreply in support of its objection to plaintiffs' section 2—1401 petition and attached the affidavit of Douglas Gouge, the president of Douglas Oil.

The trial court granted plaintiffs' section 2—1401 petition and Forsythe Gas now appeals.

OPINION

A petition pursuant to section 2—1401 is a procedural device to vacate a final judgment or order not less than 30 days or more than 2 years after its entry. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) Its purpose is to achieve just and equitable results and to avoid unjust, unfair, or unconscionable circumstances. (*In re Petition of Village of Kildeer to Annex Certain Property* (1988), 124 Ill. 2d 533, 542, 530 N.E.2d 491, 495.) A section 2—1401 proceeding is not a continuation of the original action but a separate and independent action. (*Kaput v. Hoey* (1988), 124 Ill. 2d 370, 378, 530 N.E.2d 230, 233.) To be entitled to relief, the petitioner in a section 2—1401 proceeding must set forth factual allegations supporting each of the following elements: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim or defense in the original action; and (3) due diligence in filing the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386.) As to matters not of record, the petition must be supported by affidavits (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401(b)), which are governed by Supreme Court Rule 191 (see *People v. Sanchez* (1986), 115 Ill. 2d 238, 285, 503

N.E.2d 277, 296). The decision whether to grant a section 2—1401 petition is committed to the sound discretion of the trial court. (*Kaput*, 124 Ill. 2d at 378, 530 N.E.2d at 234.) A court of review is only justified in disturbing the judgment of the trial court on the issue if it finds that the trial court abused its discretion. *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.

In their section 2—1401 petition, plaintiffs based their entitlement to relief upon four newly discovered facts, namely:

(1) On November 27, 1991, the American Arbitration Association ruled in Polsky's favor on his claim, determining that Forsythe deliberately orchestrated Polsky's wrongful discharge from his position as president of Indeck;

(2) On December 5, 1991, Gouge, president of Douglas Oil, told Polsky that Forsythe had induced him to terminate the joint drilling agreement with the partnership and promised to pay Douglas Oil above-market rates for gas through an entity other than the partnership and to indemnify Douglas Oil for any losses incurred by reason of its termination of the joint drilling agreement;

(3) On January 17, 1992, Forsythe notified Polsky that the partnership had granted Indeck a mortgage and security interest in all of the partnership's property; and

(4) No accounting of the partnership had been made by Forsythe Gas, the liquidating agent, within one year of the alleged dissolution on December 31, 1990, as provided in the agreement.

Clearly, Forsythe Gas' failure to render an accounting by December 31, 1991, has nothing whatever to do with the propriety of the trial court's order of September 24, 1991, dismissing plaintiffs' complaint with prejudice. While this circumstance might form the basis of a cause of action against Forsythe Gas, it would be a cause of action accruing after the dismissal order was entered and, as such, cannot form the basis of relief under section 2—1401. Because this cause of action accrued, if at all, about three months after the dismissal order, it is not, nor could it be, a fact which would have precluded the entry of the judgment from which relief is sought. *Tsuetaki v. Novicky* (1983), 158 Ill. App. 3d 505, 512, 509 N.E.2d 1019, 1024.

The security interest and mortgage of the partnership assets were not granted until after the dismissal order was entered. They also could not form the basis for relief under section 2—1401 for the same reasons given by this court in discussing Forsythe Gas' alleged failure to render an accounting.

■ To form the basis of relief under section 2—1401, it is required that the newly discovered facts could not reasonably have been discovered at the time of or prior to the entry of the judgment or order from which relief is sought. (*Johnson v. Steiner* (1988), 179 Ill. App. 3d 556, 560, 534 N.E.2d 391, 394.) Polsky was terminated from his position at Indeck in September 1990. Thereafter, he presented the matter of his discharge to arbitration, charging that Forsythe caused his wrongful termination to deprive him of compensation due him and to gain control of his interest in Indeck. Plaintiffs can hardly argue that they did not know of the facts which formed the basis of Polsky's arbitration proceeding prior to the entry of the trial court's order of September 24, 1991. The fact that the arbitrator did not render a decision until two months after the entry of the trial court's order is of no moment to our analysis. Plaintiffs knew of these facts prior to the order and, as such, cannot rely upon them as newly discovered facts in support of their section 2—1401 petition.

As a consequence of the foregoing, this court will analyze plaintiffs' right to relief under section 2—1401 exclusively upon their allegations that after the entry of the September 24, 1991, order, Polsky was informed that Forsythe induced Douglas Oil to terminate the joint drilling agreement with the partnership. In that regard, Forsythe Gas raises several issues: that plaintiffs were not diligent in discovering this alleged fact and bringing it to the trial court's attention prior to September 24, 1991, and that Polsky's affidavit in support of this allegation is incompetent under Supreme Court Rule 191.

In his affidavit submitted in support of plaintiffs' section 2—1401 petition, Polsky states, *inter alia,* that prior to the filing of the original action, he attempted to speak to Gouge and Thomas Shields of Douglas Oil about the termination of the joint drilling agreement but they refused to discuss the subject with him; that on December 5, 1991, during a conversation with Gouge, Polsky first learned that Douglas Oil did not wish to terminate the joint drilling agreement with the partnership but was asked to do so by Forsythe; that Forsythe promised Gouge that Douglas Oil would be able to continue selling gas at above-market rates to an entity controlled by Forsythe; that Forsythe agreed to indemnify Douglas Oil for all losses sustained by reason of its termination of the joint drilling agreement; and that Douglas Oil had been selling gas to Forsythe at above-market prices since terminating the joint drilling agreement with the partnership.

Forsythe Gas contends that Polsky's affidavit as it relates to the December 5, 1991, conversation with Gouge is inadmissible hearsay and violates Supreme Court Rule 191(a). In response, plaintiffs argue

that the conversation satisfies the co-conspirator exception to the hearsay rule and, as such, Polsky is competent to testify as to the conversation and the affidavit complies with Rule 191(a).

■■ "A civil conspiracy involves two or more persons who combine for the purpose of accomplishing by concerted action either (1) a lawful purpose by unlawful means, or (2) an unlawful purpose by lawful means." (*Smith v. Eli Lilly & Co.* (1990), 137 Ill. 2d 222, 235, 560 N.E.2d 324, 329.) "Concert of action applies when a tortious act is done in concert with another or pursuant to a common design, or a party gives substantial assistance to another knowing that the other's conduct constitutes a breach of duty." *Eli Lilly*, 137 Ill. 2d at 235, 560 N.E.2d at 329.

In this case, there can be no doubt that Gouge knew of Forsythe's relationship to the partnership as an officer of Forsythe Gas because both Gouge and Forsythe executed the joint drilling agreement of July 12, 1989, on behalf of their respective principals. It would defy reason to suggest that if Forsythe requested that Douglas Oil terminate the joint drilling agreement with the partnership and agreed to purchase gas from Douglas Oil through another entity controlled by Forsythe, Gouge in acquiescing did not substantially assist Forsythe with full knowledge that Forsythe's actions would breach the fiduciary duty owed both to the partnership and to Gas Power. Thus, Gouge would be a co-conspirator. If Forsythe made the requests attributed to him in Polsky's affidavit and Gouge acquiesced, the acquiescence would have been in the furtherance of the conspiracy.

■ As was noted in *People v. White* (1984), 122 Ill. App. 3d 24, 35, 460 N.E.2d 802, 810, quoting *People v. Meagher* (1979), 70 Ill. App. 3d 597, 601, 388 N.E.2d 801, 803:

" 'The co-conspirator exception to the hearsay rule is well known. The acts and declarations of a co-conspirator in furtherance of the conspiracy are admissible against another who is a defendant, even when the acts and declarations are made out of the presence of the defendant. [Citation.] No conspiracy need be charged and so long as a prima facie case of conspiracy has been shown by independent evidence, acts or declarations in furtherance of the conspiracy are admissible.' "

In the case at bar, while Forsythe Gas submitted Gouge's affidavit as an exhibit to its surreply in opposition to the section 2—1401 petition, the affidavit does not address the conversation of December 5, 1991, as related in Polsky's affidavit. As such, if Polsky's affidavit is admissible under the co-conspirator exception to the hearsay rule, it stands unrebutted as to Gouge's statements to Polsky and would have to be taken

as true by the trial court in ruling on the petition. See *Tsuetaki*, 158 Ill. App. 3d at 511, 509 N.E.2d at 1024.

Before the statements of a co-conspirator are admissible as an exception to the hearsay rule, there must be some independent evidence apart from the statements themselves tending to establish the conspiracy. (*People v. Goodman* (1980), 81 Ill. 2d 278, 283-84, 408 N.E.2d 215, 216-17.) The independent evidence may be circumstantial in that the agreement which forms the essence of the conspiracy may be inferred from all the surrounding facts and circumstances. *People v. Saldana* (1986), 146 Ill. App. 3d 328, 334, 496 N.E.2d 757, 762.

■ As indicated earlier, section 2—1401 requires that a petition be supported by affidavit as to matters not of record. Plaintiffs' first-amended complaint was dismissed pursuant to a section 2—615 motion. In ruling upon a section 2—615 motion, the court is required to accept as true all well-pled facts in the complaint under attack. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 478.) The factual allegations of plaintiffs' first-amended complaint were matters of record at the time that the trial court ruled upon the section 2—1401 petition which is the subject of this appeal. We find no logical reason why those factual allegations of record are entitled to any less presumption as to their validity in a section 2—1401 proceeding than they were for the purpose of the section 2—615 motion resulting in the order to which the section 2—1401 proceeding addresses itself. Plaintiffs' first-amended complaint alleges that on or about December 1, 1990, Forsythe, as managing partner of the partnership, stopped selling gas to the Indeck entities at the same time that Forsythe on behalf of Indeck and in conjunction with Douglas Oil formed Columbus. We believe that the allegations of plaintiffs' first-amended complaint, taken as true, constitute the independent circumstantial evidence from which a conspiracy between Forsythe and Douglas Oil can be inferred to satisfy the independent evidence requirement of the co-conspirator exception to the hearsay rule.

As a consequence of the foregoing, we find that the statements made by Gouge to Polsky in their conversation of December 5, 1991, as related in Polsky's affidavit, fall within the co-conspirator exception to the hearsay rule. As such, Polsky is competent to testify to the conversation and his affidavit submitted in support of plaintiffs' section 2—1401 petition does not violate Supreme Court Rule 191(a). Having decided that Polsky's affidavit was admissible in support of the petition under Rule 191(a), we need not address the issue of whether the trial court could consider the provisions of Rule 191(b).

The next issue for our determination is whether plaintiffs satisfied the due diligence requirement of a section 2—1401 petition in bringing

the facts of the alleged conspiracy to the attention of the trial court before the entry of the September 24, 1991, order dismissing their first-amended complaint. Forsythe Gas argues that plaintiffs failed to avail themselves of their discovery rights in the underlying action in an effort to obtain the testimony of Gouge or Shields. Plaintiffs respond that Polsky tried to speak to Gouge and Shields prior to the filing and during the pendency of the original action but they refused to discuss Douglas Oil's termination of the joint drilling agreement as set forth in Polsky's affidavit, a fact which is unrebutted in Gouge's affidavit. While the record in the underlying action reveals that plaintiffs had sufficient information to place them on inquiry to determine whether Forsythe had engaged in actionable conduct in his dealings with the partnership, nothing in the record up to the entry of the order of September 24, 1991, indicates that plaintiffs should have suspected that Douglas Oil acted in concert with Forsythe. It is only after one accepts the December 5, 1991, conversation between Polsky and Gouge as true that Forsythe's letter to Douglas Oil in February 1991, and Douglas Oil's letter of March 9, 1991, terminating the joint drilling agreement, raise the specter of conspiratorial behavior. Whether plaintiffs will ultimately prevail at trial or whether Gouge and Forsythe actually had the conversation related in Polsky's affidavit was not the issue before the trial court and is not the issue before this court. We believe that the record before us amply demonstrates that plaintiffs acted with due diligence under the circumstances of this case.

However, even assuming *arguendo* that one might find a lack of diligence on plaintiffs' part in bringing the information of an alleged conspiracy between Douglas Oil and Forsythe to the trial court's attention in the original action, that circumstance alone would not mandate a denial of plaintiffs' section 2—1401 petition. In ruling upon a section 2—1401 petition, the equitable powers of the court are invoked. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) When, as in this case, evidence of unconscionable behavior is presented, the requirement of due diligence need not be rigidly enforced. See *Tsuetaki*, 158 Ill. App. 3d at 513, 509 N.E.2d at 1025.

In sum, we are unable to find that the trial court abused its discretion in granting plaintiffs' section 2—1401 petition and, as a consequence, we affirm.

Affirmed.

JOHNSON and CAHILL, JJ., concur.