JEROME B. KLOSE *et al.*, Plaintiffs-Appellants, v. FREDERICK E. MENDE, Commissioner of Highways, Meriden Township, La Salle County, Illinois, Defendant-Appellee.

Third District   No. 3—01—0098

Opinion filed December 7, 2001.—Modified on denial of rehearing April 18, 2002.

Jerome B. Klose (argued) and Ruth C. Klose, both of Olympia Fields, appellants *pro se.*

Paul V. Martin (argued), of Martin Law Office, Ltd., of Ottawa, for appellee.

JUSTICE McDADE delivered the opinion of the court:

Jerome and Ruth Klose (plaintiffs) filed an amended complaint for declaratory judgment (complaint) against Frederick E. Mende (defendant), seeking a court order that would establish plaintiffs' fee simple title in two roadways. The trial court found that the Meriden Town-

ship road district held valid dedications for the two roads and dismissed plaintiffs' complaint. Plaintiffs then moved for leave to file a second amended complaint, which the court denied. Plaintiffs now appeal from the dismissal of their claim.

## FACTS

On October 6, 1995, plaintiffs recorded a warranty deed (deed) in the La Salle County recorder's office (recorder's office) for the north one-half of the southwest quarter of section 14 in Meriden Township (section 14). The deed stated that plaintiffs' portion of section 14 was to extend 2,354.17 feet west on the east-west half section line of section 14, and north, 877.20 feet, starting at section 14's west section line. This property encompassed portions of the right-of-ways of North 4550th Road and East 10th Road. North 4550th Road and East 10th Road are township roads that run east-west and north-south, respectively, along the northern and western boundaries of plaintiffs' portion of section 14.

Defendant is the commissioner of highways for the Meriden Township road district in La Salle County. On January 12, 2000, defendant mailed plaintiffs a right-of-way agreement (agreement) requesting that they make available two 66-foot right-of-ways running through both roads because the highway district was planning to make improvements on North 4550th Road. Plaintiffs refused defendant's request.

Defendant then produced a ledger that had been kept by the Meriden Township clerk. The ledger indicated that in 1856, North 4550th Road and East 10th Road (named Highways No. 5 and 1, respectively, in the ledger) had been dedicated to Meriden Township. The ledger established that North 4550th Road ran through sections 13 and 14 along the east-west half section line, and that East 10th Road ran through sections 14 and 15, and that both roads were four rods wide (66 feet). The ledger also stated that section 14 had a width of 80.57 chains (5317.62 feet), which exceeded the original government survey (80.08 chains, or 5285.28 feet) by 32.34 feet.

Plaintiffs filed an amended complaint for declaratory judgment on August 9, 2000, to confirm their fee simple title to the North 4550th Road and East 10th Road right-of-ways, as defendant was claiming ownership by dedication to the same 33 feet of right-of-way in North 4550th Road and East 10th Road that plaintiffs were claiming through warranty deeds. The trial court dismissed plaintiffs' action, finding the 1856 road dedications to be valid. Plaintiffs' motion to file a second amended complaint was denied.

Plaintiffs raise three issues on appeal: (1) whether the trial court

erred in dismissing their complaint, (2) whether the trial court abused its discretion in denying their motion to file a second amended complaint, and (3) whether sanctions should be imposed against defendant for his assertion of fee simple title in the two roadways.

## ANALYSIS

### I. Dismissal of Complaint for Declaratory Judgment

Plaintiffs contend that the trial court erred in dismissing their complaint for declaratory judgment. They assert that the court's finding that the township's 1856 road dedications were valid is not supported by the record.

■ The standard for reviewing a decision granting a motion to dismiss is *de novo*. The motion should only be granted when, viewing the allegations of the complaint in the light most favorable to the nonmoving party, it clearly appears that the nonmoving party would not be entitled to relief under any set of facts. *Board of Directors of Bloomfield Club Recreation Ass'n v. The Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330, 335 (1999).

In 1856, the Meriden Township clerk recorded an entry in the Meriden Township ledger (ledger) of the dedication of North 4550th Road and East 10th Road as public highways. Plaintiffs contend that the 1856 dedications are invalid because they failed to comply with the statutory requirements of article 24, sections 1 through 5, of "An Act to provide for township organization" (the Act) (1851 Ill. Laws 35 (§§ 1 through 5)). Looking first at North 4550th Road, plaintiffs point out that there was no order of dedication and none of the following documents required by the statute were attached to such an order: the petition requesting permission to build the roads (section 1); a record of a personal examination by the commissioner of the potential route for the new road (section 3); notice of, and a date for, a public hearing to discuss the reasons for and against the laying out of the new road (section 3); or a separate survey, report of that survey, and plat providing a separate legal description of the land (section 4). With respect to East 10th Road, although a survey accompanied the ledger, as was the case with North 4550th Road, no order, petition, survey report, or plat could be found.

■ Section 4 of the Act appears to be the section that Illinois courts focus upon in determining the adequacy of an antecedent order dedicating a public highway. It states in relevant part:

"Whenever the commissioners of highways shall determine to lay out any new road, or alter any old one, they shall cause a survey to be made by a competent surveyor, who shall make a report to them of such survey, accompanied with a plat, particularly describing the

route by metes and bounds, courses and distances, and also the lands over which such road passes. *They shall incorporate such report and survey, accompanied with the plat, in an order, to be signed by them, declaring such road so altered or laid out to be a public highway; which order, together with the petition shall be deposited with the town clerk,* who shall note the time of filing the same." (Emphasis added.) 1851 Ill. Laws 72 (§ 4).

The Illinois courts interpret section 4 consistently with its language. Our supreme court dealt with a similar issue in *Rodgers v. Hess*, 325 Ill. 603, 156 N.E. 811 (1927). In *Hess*, two parties brought suit to determine the appropriate usage of a highway. The appellant landowner claimed exclusive rights to the roadway because of his fee simple title. The appellee asserted his own rights to use the road due to the township having established the roadway as a public highway in 1861, some 66 years earlier. The supreme court ruled in favor of the appellee, finding (1) that his introduction of an order made in 1861 constituted *prima facie* evidence of the valid existence of the highway, and (2) that showing was not overcome by the appellant. *Hess*, 325 Ill. at 606, 156 N.E. at 814.

This same reasoning is reflected in *Tower v. Pitstick*, 55 Ill. 115 (1870), another Illinois Supreme Court decision. There, the court set out the minimum requirements to support a finding of substantial compliance with the Act. Neither the entire surveyor's report, nor anything else that the statute does not directly require, need be incorporated in the order. At a minimum, however, a valid order needs to incorporate as much of the survey as necessary to clearly indicate the courses and distances of the route of the road and the land over which it passes. *Pitstick*, 55 Ill. at 116.

■ In this case, the 1856 road dedications cannot be shown to be valid. While the absence of the record of a personal examination by the town commissioner is an excusable error, the dedications fail to meet even the most basic requirements of the Act. Since there was no order or petition in the town clerk's records, there was no valid evidence that could support the bare ledger entry and, therefore, establish the dedication of the two roads as public highways. Defendant's proffered ledger entry does not, without more, satisfy section 4's requirements. Accordingly, we cannot find that the 1856 road dedications were valid.

Plaintiffs have also argued, as an additional basis for establishing their ownership interest in both right-of-ways, that defendant's claim of the same ownership interest is barred by section 13—118 of the Code of Civil Procedure (40-year statute of limitations) (Ill. Rev. Stat. 1983, ch. 110, par. 13—118). In support of this contention, plaintiffs

present their own deeds along with an abstract of title establishing an uninterrupted chain of fee simple title in the contested portion of section 14 which extends back over 40 years. Thus, plaintiffs seek reversal of the lower court's decision, contending that they alone hold fee simple title to the right-of-ways.

■ The applicable limitations section reads in relevant part as follows:

> "Forty year limitation on claims to real estate. No action based upon any claim arising or existing more than 40 years before the commencement of such action shall be maintained in any court to recover any real estate in this State or to recover or establish any interest therein or claim thereto, against the holder of the record title to such real estate when such holder of the record title and his or her grantors immediate or remote are shown by the record to have held chain of title to such real estate for at least 40 years before the action is commenced." Ill. Rev. Stat. 1983, ch. 110, par. 13—118.

As we have earlier found, the 1856 documents did not establish a valid dedication of a public highway. Thus, in 1856, the landowners adjacent to the two roads would have retained fee simple title. Plaintiffs' deeds and abstracts establish an uninterrupted chain of title from 1856 until now. Accordingly, plaintiffs' claim in the two roads extends backward well beyond the 40-year limitations period. Pursuant to the limitations statute, we find that defendant's action against plaintiffs' ownership interest has been barred.

■ However, defendant asserts that section 13—120(6) (public use exception) of the same statute states an applicable restriction. Ill. Rev. Stat. 1983, ch. 110, par. 13—120(6). This public use exception reads as follows:

> "Limitations on Sections. Sections 13—118 through 13—121 of this Act shall not be applied:
>
> * * *
>
> 6. to validate any encroachment on any street, highway or public waters." Ill. Rev. Stat. 1983, ch. 110, par. 13—120(6).

We decline to apply the public use exception in this instance because, as we have previously decided, no creation of a public highway by the attempted dedication in 1856 can be established by the record.

As the 1856 road dedications are invalid, defendant does not possess an ownership interest in the two roads. Accordingly, plaintiffs possess fee simple interest through their warranty deed in the contested 33 feet of section 14 defendant claimed through his proffered dedications.

■ Defendant, however, has acquired an easement by prescription

for the road which is currently in use. An easement by prescription is created where the property has been used openly, uninterruptedly, continuously, and exclusively for more than 20 years. *Schultz v. Kant*, 148 Ill. App. 3d 565, 499 N.E.2d 131 (1986). Here, defendant possesses an easement by prescription because, at the time plaintiffs' complaint was filed, the two roads had been used by the public since 1856—over 140 years.

The roadbed and shoulders are presently of varying widths between 60 and 63 feet. At issue are strips of land alongside the roads ranging from three to six feet.

Defendant, as the holder of the easement by prescription, may not demand that an extra five to six feet of roadway be made available to him as of right. The common and ordinary use establishing the right to an easement by prescription limits and qualifies it so that it cannot be given to different uses and purposes. Although defendant, as owner of the easement, is allowed to do such things in the way of repairs as to make the easement reasonably useful, he cannot make material alterations in the character of the easement so as to place a greater burden on plaintiffs' property or to interfere with the use and enjoyment by plaintiffs of their property. *Kant*, 148 Ill. App. 3d at 573, 499 N.E.2d at 136. We find that increasing the width of the roadway would require five to six feet of plaintiffs' crop production farmland to be transformed into a public highway. This increase would be an unallowable, material alteration to the original limits of defendant's easement that would place an unreasonable burden upon plaintiffs' use and enjoyment of their property.

We vacate the trial court's decision to deny plaintiffs' complaint for declaratory judgment and direct entry of an order establishing plaintiffs' fee simple title and defendant's prescriptive easement interest in the two roads.

## II. Denial of Motion to Enter a Second Amended Complaint

We decline to address the trial court's denial of plaintiffs' motion to enter a second amended complaint, because, as we have previously discussed, we are vacating the court's denial of plaintiffs' complaint for declaratory judgment.

## III. Sanctions

Plaintiffs request that we impose sanctions in the form of attorney fees, costs and damages against defendant. They contend that defendant's assertion of fee simple title in the two roadways was reckless and without good cause because even if the dedications were valid pursuant to the 1851 statute, they still would not have created fee simple rights.

■ Although appellate courts have the inherent jurisdiction to impose sanctions and award attorney fees under Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)), sanctions are not appropriate unless a showing has been made that the appeal itself was frivolous, not taken in good faith, or for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *First Federal Savings Bank of Proviso Township v. Drovers National Bank of Chicago*, 237 Ill. App. 3d 340, 606 N.E.2d 1253 (1992).

■ We deny plaintiffs' request for sanctions, first, because defendant did not bring the appeal or the original claim and is only defending its victory in the trial court. Moreover, there is no evidence that any efforts made by defendant in the circuit court to assert the township's interest in the two roads was frivolous in nature. Rather, defendant, pursuant to statute, acted reasonably in attempting to show that the township's assertedly substantial compliance with section 4 of the general laws created township rights in the public highways.

Furthermore, throughout these proceedings, defendant has never asserted fee simple title in the two roadways, only valid dedications dating back to 1856. Regardless, neither the statutory nor the common law supports plaintiffs' proposition that a valid dedication under the 1851 statute would not create fee simple title.

## CONCLUSION

For the aforementioned reasons, we (1) vacate the trial court's denial of plaintiffs' complaint for declaratory judgment and order an entry establishing plaintiffs' fee simple title and defendant's easement rights in the two roadways; and (2) deny plaintiffs' request for sanctions.

Vacated and remanded.

BRESLIN and HOLDRIDGE, JJ., concur.