No. 3–06–0249

Filed January 28, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| JEROME B. KLOSE and RUTH C. KLOSE, | ) | Appeal from the Circuit Court |
| Plaintiffs-Appellants, | ) | for the 13th Judicial Circuit, |
| | ) | LaSalle County, Illinois |
| | ) | |
| v. | ) | No. 00–MR–123 |
| | ) | |
| FREDERICK E. MENDE, COMMISSIONER | ) | Honorable |
| OF HIGHWAYS, MERIDEN TOWNSHIP, | ) | Eugene P. Daugherity |
| LASALLE COUNTY, ILLINOIS, | ) | Judge, Presiding |
| Defendant-Appellee. | ) | |

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant Frederick Mende, as commissioner of highways of Meriden Township (hereinafter township), brought this motion to reopen proofs pursuant to section 2-1401 of the Code of Civil Procedure in a declaratory action filed by plaintiffs Jerome and Ruth Klose. 735 ILCS 5/2-1401 (West 2002). The trial court granted Mende's motion and the Kloses appealed. We affirm.

FACTS

This action began in 2000 when the township sent notice to the Kloses that it intended to improve North 4550th Road by blacktopping it eastward from East 10th Road a distance of 3,000 feet, requiring the 66 feet of right-of-way to be available. The Kloses' land is bounded on the north and west sides, respectively, by the roads. According to commissioner Mende, the township had acquired a right to a 66-foot-wide right-of-way by statutory dedication in 1856. As proof of the right, Mende sent the Kloses certain pages of the township ledger kept by the Meriden township clerk which

indicated a dedication by statute of the 66-foot-wide road in 1856. The township was unable to produce any other documents, including the survey that was prepared at the time the roads were constructed, the original order dedicating the road or the plat describing the road.

The Kloses objected to the township's plans, claiming that they owned by warranty deed the road right-of-ways at issue. The Kloses filed an action for declaratory relief, seeking an order by the court that they owned fee simple title to the road right-of-ways for North 4550th Road and East 10th Road in Meriden Township. On the township's motion, the trial court dismissed their complaint and denied their request to amend. The trial court found that the township had a valid dedication and that it did not matter in regard to the declaratory action whether the township had acquired fee simple title or an easement in the property at issue. The Kloses appealed.

On appeal, this court held that the township's claim to the roads failed because the township did not establish a valid dedication of the roads. Klose v. Mende, 329 Ill. App. 3d 543, 547, 771 N.E.2d 960, 964 (2001). According to this court, the documents offered by the township were incomplete and thus insufficient to establish the dedication. Klose, 329 Ill. App. 3d at 547, 771 N.E.2d at 964. Specifically, this court determined that the ledger entries presented by the township failed to satisfy the requirements for a valid dedication as the statutory requirements include the petition requesting permission to build the roads, a surveyor's report, survey and plat, as well as the road commission's order granting the dedication. Klose, 329 Ill. App. 3d at 546-47, 771 N.E.2d at 963, quoting 1851 Ill. Laws 72 (§4). This court also found that the township had acquired an easement by prescription for the portion of the roads in use at the time of the action. Klose, 329 Ill. App. 3d at 548-49, 771 N.E.2d at 965. The court vacated the trial court's dismissal of the Kloses' complaint and ordered the trial court to enter an order establishing the Kloses' fee simple title and

2

the township's prescriptive easement rights in the roads. Klose, 329 Ill. App. 3d at 549, 771 N.E.2d at 965.

The record indicates that thereafter the Kloses filed a motion to reinstate, to enter a second amended complaint, to set a date for the township's answer, and to order the township to produce right-of-way maps. Various matters were continuously pending in the trial court until the township filed its petition to reopen proofs pursuant to section 2-1401 of the Code of Civil Procedure on April 10, 2003. 735 ILCS 5/2-1401 (West 2002). The township's section 2-1401 petition is based on documents discovered by township officials in March 2003, which included the original order dedicating the roads at issue, the original surveyor's report and plat, and receipts from adjoining landowners indicating the compensation that was paid for the taking of their land for the roads. Pursuant to a motion by the Kloses, the township's original section 2-1401 petition was dismissed in May 2003 based on the petition's failure to adequately assert due diligence by the township. An amended petition was filed on June 16, 2003, which set forth the township's diligence efforts and included affidavits from commissioner Mende and township clerk Ellen Atherton attesting to their efforts. A second amended petition was filed on June 15, 2005.

In response to the second amended petition, the Kloses filed an answer, defenses and counterclaims. As defenses, the Kloses raised, in applicable part, the following: that Mende was negligent and not diligent in searching for the original road dedication documents; that the township clerk was negligent in maintaining road dedication documents and failed to comply with the applicable record-keeping requirements; that newly discovered evidence generally cannot be used to vacate a final judgment; that Mende's error of law in relying on the ledger entry as sufficient evidence prohibits the final judgment from being vacated; and that the petition is barred by the two-year statute of

3

limitations. The section 2-1401 action was transferred on the Kloses' motion to a different trial court judge, while the other pending matters were considered and disposed of by the original trial court judge.

A hearing ensued on the township's section 2-1401 petition. At the hearing, Mende testified as follows. He was appointed township road commissioner in 1989. In 2000, in response to the Kloses' lawsuit, he searched for the original road dedication documents but could not find them. He searched the road commission file cabinets, which were located in the town garage. He also searched a safe in the old town hall, which had been used as part of the Meriden Township offices until March 2003. On March 14, 2003, he and several other township officials were cleaning out the old town hall in preparation for its demolition when they discovered a box of "ancient" documents in a cupboard. He described the area where the cupboard was discovered as inaccessible, blocked by old chairs and voting booths. The box in which the documents were located was covered in heavy dust. He took the documents to the new town hall and went through them with the town clerk and the township assessor. On March 18, 2003, they discovered the original documents, including the order of the road commissioners and the surveyor's report and plats establishing the dedication of the roads at issue. He reported his findings to his attorney the same day and signed an affidavit outlining the circumstances of the discovery of the documents. According to Mende, his attorney had instructed him throughout the litigation to keep looking for additional information.

Ellen Atherton, the former town clerk, testified as follows. She became town clerk in 1992 and held the position when the current litigation was initiated. On March 18, 2003, she was working with Mende and others at the new town building when they identified the missing documents. She had never been in the cupboard in the old town hall where the documents were found and it was not

a place where she would have expected to find township records. It was her understanding that the former town clerk had given her all the records she was supposed to have and that any other records would be in the safe or at town hall. She did not have an office in the old town hall. She kept an office in her basement. She kept the ledger in a safety deposit box at the bank. She had never examined it until the instant action was filed. According to Atherton, the ledger contained drawings and other information regarding roads. After they found the information in the ledger on the roads at issue, she did not look for any additional documents because it was her understanding that the ledger entries were sufficient. She did not initially know that as town clerk she was also clerk for the road commissioner but learned that information thereafter at a clerks' training seminar. According to Atherton, Mende kept his own records, which were maintained in the town garage to which she had access. She never filed anything with the LaSalle County recorder. In the 13 years that she was town clerk, no new roads were developed in the township.

Township trustees Larry Zimmerman and Dave Schlesinger testified that they were working with Mende at the old town hall when the records were discovered. According to Schlesinger, the cupboard in which the documents were found was inaccessible. He explained that it took several hours of cleaning to access the cupboard.

Following the hearing, the trial court granted the township's section 2-1401 petition to reopen proofs. In its order, the trial court stated that the newly discovered evidence presented by Mende constituted the records that the appellate court determined were necessary to establish a valid dedication. Accordingly, the trial court determined that the township satisfied the meritorious defense element necessary for a section 2-1401 petition. The court also determined that the township was not negligent and was not lacking in diligence in searching for the original records and that the

5

evidence established that a reasonable search was conducted of all the logical places in which the records would be stored. The trial court further found that the town clerk's record-keeping was reasonable, not negligent; that the existence of the original records constituted newly discovered evidence; that the township attorney did not commit an error of law in relying on the ledger entry as proof of a valid road dedication; and that the township's petition was not barred by the two-year statute of limitations applicable to section 2-1401 petitions because its original petition was timely filed. The Kloses appealed.

ANALYSIS

The issue on appeal is whether the trial court erred when it granted the township's section 2-1401 petition. 735 ILCS 5/2-1401 (West 2002).

A petition pursuant to section 2-1401 seeks relief from a final order and judgment after 30 days and before 2 years of its entry. 735 ILCS 5/2-1401(a) ( c) (West 2002). To be entitled to relief, a petitioner must show by a preponderance of the evidence that (1) a meritorious defense or claim exists; (2) he exercised due diligence in discovering the defense or claim in the original action; (3) despite the petitioner's diligence and through no fault of his own, the error of fact or valid defense or claim was not presented to the trial court during the original action; and (4) the petitioner exercised due diligence in bringing the section 2-1401 petition. La Rabida Children's Hospital & Research Center v. Harrison, 263 Ill. App. 3d 790, 796, 635 N.E.2d 575, 579 (1994). The purpose of a section 2-1401 petition is to bring to the attention of the court matters of fact not appearing in the record that would have prevented the judgment had the court known of them. Universal Outdoor, Inc. v. City of Des Plaines, 236 Ill. App. 3d 75, 80, 603 N.E.2d 585, 588 (1992). A reviewing court will not disturb a trial court's grant of a section 2-1401 petition absent an abuse of

discretion.  <u>Kulikowski v. Larson</u>, 305 Ill. App. 3d 110, 114, 710 N.E.2d 1275, 1278 (1999).

We begin our analysis by examining whether the township presented sufficient evidence to establish a meritorious defense.  To establish the validity of a road dedication, the statutory requirements include the road dedication order, the surveyor's report, survey and plat, and the petition seeking the road creation.  <u>Klose</u>, 329 Ill. App. 3d at 546-47, 771 N.E.2d at 963, quoting 1851 Ill. Laws 72 (§4).  The basis of the township's section 2-1401 petition was the discovery of the original dedication order along with the surveyor's report and plat, and receipts from adjoining landowners.  These are the exact documents that this court found were necessary but lacking to sustain the validity of the dedication of the roads at issue.  <u>Klose</u>, 329 Ill. App. 3d at 547, 771 N.E.2d at 964 (finding that there was no valid dedication because there was no order or petition in the town clerk's records).  The record suggests that the township apparently assumed that the original road dedication order and supporting documents were lost.  Had the township known of their existence and been able to present the documents during the original proceedings, the trial court's ruling in its favor would have been affirmed by this court.  Accordingly, the township has established the existence of a meritorious defense necessary to sustain its section 2-1401 petition.

We next examine whether the township exercised due diligence in discovering the defense or claim in the original action.  The Kloses contend that the township failed to show by a preponderance of the evidence that it was diligent and not negligent in its search for the original documents.  The Kloses further content that no one in the township made a complete search for the documents and that the township was negligent in maintaining the road records.

To establish due diligence, a party must show that his failure to defend was the result of an excusable mistake and that he acted reasonably, not negligently, when he failed to resist the original

judgment. Universal Outdoor, Inc., 236 Ill. App. 3d at 81, 603 N.E.2d at 589. The due diligence element requires a petitioner to have a reasonable excuse for failing to act within the appropriate time. Smith v. Airoom, Inc., 114 Ill. 2d 209, 222, 499 N.E.2d 1381, 1386 (1986). A section 2-1401 petition is not intended to afford a remedy that relieves a petitioner from the consequences of his mistakes or his counsel's negligence. Universal Outdoor, Inc., 236 Ill. App. 3d at 81, 603 N.E.2d at 589. To determine the reasonableness of the petitioner's excuse, the court must look at all the circumstances regarding the entry of the judgment, including the conduct of the litigants and their attorneys. Airoom, Inc., 114 Ill. 2d at 222, 499 N.E.2d at 1387.

The trial court determined that the township undertook a reasonable search for the original records and was diligent in doing so. Both commissioner Mende and clerk Atherton testified that they had searched the usual storage files and locations for the records and that the records were found in a place where neither one of them would have anticipated township records to be stored. Trustee Schlesinger testified that the documents were found in an inaccessible area of the old town hall. Mende said that he was under orders from the township attorney to continue looking for additional documents throughout the litigation. In considering the instant circumstances, the trial court noted that diligence did not require the township officials to search every inch of township property, 24 hours a day, 7 days a week ("24/7"), using all available manpower. We agree with the trial court that the record demonstrates that the township was not negligent and did act diligently in presenting its defense in the original action.

The Kloses further contend that the township clerk failed to keep the road records as she was required by law to do and that the clerk's failure to perform her duties is a matter of law which can only be reviewed through an appeal, not a section 2-1401 petition.

The trial court concluded that the town clerk's record-keeping was reasonable, not negligent. It noted that, obviously, Atherton was not the clerk in 1856 when the original road documents were created. Atherton testified that when she took office, the previous clerk gave her documents that she kept in her filing cabinets at home, in the town hall safe, and in the safety deposit box. She explained that Mende kept his own records to which she had access. Atherton believed that the ledger contained all the historical records from the origin of the township. Moreover, the status of the town clerk's record-keeping abilities does not indicate that she was not diligent in searching for the instant documents. Atherton testified that she believed she had all the township records that she was required to have, that she would not have anticipated any records to be in the cupboard in the old town hall. We thus find misplaced the Kloses' argument regarding the alleged neglect of record-keeping as it has no bearing on the clerk's diligence in looking for the instant records. We decline to hold her accountable for any deficiency in the record-keeping which occurred more than 150 years ago.

The Kloses point to the decision in Tucker v. Bunger, 108 Ill. App. 3d 227, 439 N.E.2d 488 (1982), as support that the clerk's allegedly negligent record-keeping defeats the township's claim of diligence. In Tucker, the township sought to rely on secondary records maintained by the county to establish the validity of a road dedication because the original township records were lost or destroyed. Tucker, 108 Ill. App. 3d at 229, 439 N.E.2d at 489-90. The court there stated that it was the "duty of the town clerk to maintain the survey as part of the records of the township." Tucker, 108 Ill. App. 3d at 230, 439 N.E.2d at 490. The court further stated that "a rule requiring such records to be maintained will insure that in future cases townships *** will not seek to benefit from an intentional neglect of duty." Tucker, 108 Ill. App. 3d at 231, 439 N.E.2d at 491.

9

Tucker does not support the Kloses' position. In that case, the township failed to maintain any documents to establish a sufficient record of the road dedication. Tucker, 108 Ill. App. 3d at 230-31, 439 N.E.2d at 491. Moreover, the Tucker court noted that the county had reconstructed and maintained the records while the township failed to do so. Tucker, 108 Ill. App. 3d at 230-31, 439 N.E.2d at 491. In the instant case, there was no intentional neglect of duty. Atherton maintained in her files all the records that had been provided her by the prior town clerk. She testified that she believed the clerk's ledger book contained all the necessary township records. In addition, because the ledger contains handwritten copies of the missing documents transcribed by the town clerk, it offered some documentation concerning the dedication of various township roads.

The third element we examine in considering a section 2-1401 petition is whether, in spite of the township's diligence and through no fault on its part, its valid claim was not made apparent to the trial court at the time of the original proceeding. Our review of the record and the circumstances as set forth in the preceding diligence discussion support that the township has satisfied this element. While the township relied solely on the ledger to support its asserted dedication of the right-of-ways at issue, there is no conceivable reason it would not have brought forth the original documents had the township known they were in existence.

We find that the township has also satisfied the fourth element necessary to sustain its section 2-1401 petition, diligence in bringing the petition. The record establishes that the documents were originally discovered on March 14, 2003, during the cleanup of the old town hall. Mende, Atherton and the township assessor began going through the contents of the box and cataloging items the next day. The documents relevant to this appeal were identified on March 18, 2003. Mende then contacted counsel for the township, who filed the section 2-1401 petition on April 10, 2003.

We next consider the Kloses' argument that the township's petition should have been dismissed because newly discovered evidence is not sufficient to support a section 2-1401 petition. The Kloses maintain that newly discovered evidence, without newly discovered facts, is insufficient to maintain a section 2-1401 petition and that the failure of the township's evidence at trial does not justify the grant of its section 2-1401 petition.

A petition for postjudgment relief pursuant to section 2-1401 allows the petitioner to bring before the court matters unknown to both parties and the court at the time of the original proceedings that would have precluded the judgment entered. Browning, Ektelon Division v. Williams, 256 Ill. App. 3d 299, 302, 628 N.E.2d 878, 881 (1993). A section 2-1401 petition requires that the newly discovered facts could not reasonably have been discovered at the time of, or prior to, the entry of judgment from which relief is sought. Gas Power, Inc. v. Forsythe Gas Co., 249 Ill. App. 3d 255, 260, 618 N.E.2d 959, 964 (1993).

The Kloses rely on People v. Touhy, 397 Ill. 19, 72 N.E.2d 827 (1947), and People v. Griswold, 89 Ill. App. 3d 661, 411 N.E.2d 1224 (1980), to support their argument that newly discovered evidence, without newly discovered facts, is an insufficient basis for a section 2-1401 petition. While it appears that there is a distinction between newly discovered evidence and newly discovered facts, as the Kloses assert, their reliance on Touhy and Griswold fails. In both cases, the courts noted that there were no newly discovered facts asserted as the basis for the newly discovered evidence. Touhy, 397 Ill. at 22, 72 N.E.2d at 829; Griswold, 89 Ill. App. 3d at 665-66, 411 N.E.2d at 1227. Conversely, as the trial court noted in the instant case, the existence of the original records constituted newly discovered evidence. The records themselves were not new evidence. The trial court further noted that the appellate court issued its order on the presumption that the original

11

records did not exist. Hence, the fact that the records did exist is a matter unknown at the time of the original proceeding that would have precluded judgment against the township. The testimony presented at the section 2-1401 hearing indicates that the original road records could not reasonably have been discovered at the time of the prior judgment. The fact that the records exist is a newly discovered fact sufficient to sustain a section 2-1401 petition.

The Kloses next argue that the township's petition should have been dismissed because a section 2-1401 petition does not provide a litigant relief from the consequences of his legal error. According to the Kloses, the township committed a legal error when it relied solely on the ledger entries as sufficient evidence to establish the validity of the road dedication, and because it did so, it should be foreclosed from a second proceeding.

Relief is not available under section 2-1401 for errors of law. Stevenson v. Stevenson, 40 Ill. App. 3d 10, 14, 351 N.E.2d 238, 241 (1976). Relief pursuant to a section 2-1401 petition is only available to litigants who diligently pursue their legal defenses and remedies in court. Airoom, Inc., 114 Ill. 2d at 224, 499 N.E.2d at 1388. Section 2-1401 relief is not available for those who disregard available defenses and remedies on the gamble that a better result could be obtained through other means. Airoom, Inc., 114 Ill. 2d at 224, 499 N.E.2d at 1388.

In the instant case, the record does not support the Kloses' assertion that the township's position resulted from its own negligence or indifference to its possible defenses and remedies. The circumstances are not such that the township made a strategic determination that it would submit the ledger, rather than the original documents, as evidence of the validity of the road dedication. Certainly, had the township known of the existence of the original dedication documents, it would have presented them in the prior proceedings. We agree with the trial court's finding that because

12

the township did not make a deliberate choice to use the ledger, there was no deliberate error of law.

We next determine whether the township's second amended section 2-1401 petition is barred by the two-year statute of limitation. The Kloses argue that the two-year statute of limitation applicable to section 2-1401 petitions serves to bar the township's second amended petition since it was filed more than two years after the appellate court decision in the first appeal, which was issued December 7, 2001, and re-issued as amended and modified upon denial of petition for rehearing on April 18, 2002.

A section 2-1401 petition for relief from judgment "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2002). The purpose of the statute's time limit is to establish stability and finality in judicial proceedings. Crowell v. Bilandic, 81 Ill. 2d 422, 427-28, 411 N.E.2d 16, 18 (1980). A cause of action set forth in an amended pleading is not barred by a statute of limitation "if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2-616(b) (West 2002). An amended complaint relates back to the original complaint when it supplies a defendant with " ' "all the information necessary to prepare the defense to the subsequently asserted claim." ' [Citation.]" Weber v. Cueto, 253 Ill. App. 3d 509, 516, 624 N.E.2d 442, 448 (1993). The question for the court to determine is whether the two actions require the same proof; if so, relation back is proper. Weber, 253 Ill. App. 3d at 516, 624 N.E.2d at 448.

This court's original opinion from which the township brings its section 2-1401 petition was issued on December 7, 2001, and an opinion modified on denial of petition for rehearing was issued

13

on April 18, 2002. The township filed its petition to reopen proofs on April 10, 2003, and its second amended petition on June 15, 2005. The amended petition set forth the same facts of newly discovered evidence as the original petition but included more specifics as to the township's attempts to find the original documents and added affidavits from Mende and Atherton attesting to the search efforts. Because the causes of action asserted in both the original and amended petitions grew out of the same transaction or occurrence and require the same proof, relation back was proper. The court did not err when it held that the township's petition was not barred by the two-year statute of limitations applicable to section 2-1401 petitions. The amended petition related back to the original petition which was timely filed within the two year statutory limitations period.

Based on the foregoing discussion, we find that the township's section 2-1401 petition to reopen proofs was properly supported, and that the trial court did not abuse its discretion in granting the township leave to reopen proofs.

For the foregoing reasons, the judgment of the circuit court of LaSalle County is affirmed.

Affirmed.

SCHMIDT, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. I would hold that the township's negligent record-keeping defeats its claim of diligence. I would agree with the Kloses that Tucker v. Bunger, 108 Ill. App. 3d 227 (1982), is particularly instructive in this matter. In Tucker, a case involving very similar facts to the instant matter, the court noted that it was the "duty of the town clerk to maintain the survey as part of the records of the township." Tucker, 108 Ill. App. 3d at 230. However, Tucker did not, as the majority implies,

hinge upon an intentional neglect of duty. Rather, the Tucker court noted that a lost or missing land record is not construed against the proponent unless the loss or destruction is attributable to the grantee. Tucker, 108 Ill. App. 3d at 230. Specifically, the Tucker court noted:

> "The facts in the instant case would appear to fit this exception to the general rule. Here, the grantee of the dedicated lands, Timber Township, was charged with the legal responsibility for maintaining the public record of dedication. The township inexplicitly failed in that responsibility, and further failed to maintain in its files any secondary or reconstructed record so as to provide constructive notice to the unwary." Tucker, 108 Ill. App. 3d at 230-31.

The Tucker court further noted that:

> "The failure to maintain such records in the instant case was undoubtedly a good faith error, but a rule requiring such records to be maintained will insure that in future cases, townships and other public record repositories will not seek to benefit from an intentional neglect of duty." Tucker, 108 Ill. App. 3d at 231.

I would hold, as in Tucker, that the township had a duty to

15

maintain the records in the first place and cannot escape the consequences of its failure to properly maintain the records, whether intentionally or in good faith.

With Tucker supporting the proposition that the township must maintain the records and failed to do so, I would hold that the township's failure to maintain the records showed a lack of due diligence in presenting a fact or claim to the trial court at the time of the original action. LaRabida Children's Hospital v. Harrison, 263 Ill. App. 3d 790 (1992). Thus, I would hold it was error for the trial court to grant the township's section 2-1401 petition.

For these reasons, I respectfully dissent.